BENJAMIN F. MOULTON *v.* F. S. ELLMAKER.

APPEAL FROM ORDER SUSTAINING A DEMURRER.—No appeal lies from an order sustaining or overruling a demurrer until a final judgment is rendered in the cause.

FILING AND SERVING NOTICE OF APPEAL. — The filing of a notice of appeal must precede or be contemporaneous with the time of serving the same.

EFFECT OF STIPULATION CONCERNING APPEAL.—A stipulation that no execution shall issue until the determination of the appeal, is not a waiver of an objection that the notice of appeal was not filed in season.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Henry B. Janes*, for Appellant.

*Shafter, Goold & Dwinelle*, for Respondent.

By the Court, CURREY, C. J.:

To the answer of the defendant the plaintiff demurred. The Court sustained the demurrer, and at the same time granted to the defendant leave to file an amended answer within five days upon terms. The defendant omitted to avail himself of the leave granted, and, thereupon, his default was entered, and a judgment was rendered against him in accordance with the prayer of the complaint on the 31st of August, 1865, which was entered in the judgment book on the 5th of September thereafter. On the 16th of August, which was more than five days after the demurrer was sustained, the defendant by his attorney filed with the Clerk of the Court a notice purporting to be a notice of appeal from the judgment and order of the District Court sustaining the demurrer to the defendant's answer, and on the same day served a copy of such notice on the plaintiff's attorney. An undertaking on appeal, in due form, was executed and filed on the nineteenth of the same month.

On the first of September the defendant's attorney gave to the plaintiff's attorney notice of a motion to set aside and vacate the judgment rendered in the cause, which motion was passed upon and denied by the Court on the eighteenth of that month. The next step taken on defendant's part was the service on the plaintiff's attorney of a copy of a notice of appeal from the order sustaining the demurrer, and from the final judgment of the District Court in the cause. This copy was served on the 24th of November, 1865. The notice itself was not filed until four days thereafter, when an undertaking on appeal, in due form, from the judgment was executed and filed. On the same day the attorneys for the parties entered into a stipulation in these words: "It is hereby stipulated that no execution shall issue until the determination of the appeal herein, on the execution of a bond for costs as required by statute; provided the defendant shall, when required, execute and deposit with the Clerk the deed to be settled by the Judge." On the 16th of January, 1866, the parties, by their

respective attorneys, entered into a stipulation respecting certain of the facts of the case, and also further, in conclusion, as follows: "The plaintiff, B. F. Moulton, hereby reserves all exceptions to the regularity of the several appeals herein, and reserves the right to dismiss said appeals, or either of them, on the ground that said notices of appeal, or either of them, were not filed or served in proper time, or on any other ground."

Upon due notice the plaintiff moved this Court to dismiss the appeal first taken, on the ground that the order so appealed from was not an appealable order, and that no final judgment had been made or entered in the action at the time of filing such notice of appeal; and also upon the same notice moved to dismiss the appeal attempted to be taken on the 28th of November, on the ground that no copy of the notice of such appeal was served upon the plaintiff or his attorneys, either at the time or after the filing of such notice.

First—When the first appeal was taken no final judgment had been rendered in the cause. By reference to the three hundred and forty-seventh section of the Practice Act, then in force, it will be seen that an order sustaining or overruling a demurrer was not of those from which an appeal could be taken to and reviewed by this Court before final judgment in the cause. (*Moraga* v. *Emeric*, 4 Cal. 308.)

Second—In respect to the appeal which the defendant attempted to effect on the 28th of November, it is only necessary to say it is clearly insufficient within the authority of *Buffendeau* v. *Edmondson*, 24 Cal. 94. The defendant's counsel maintains that notwithstanding this, the plaintiff waived the objection by the stipulations entered into, the one bearing date the 28th of November and the other the 16th of January. We are of the contrary opinion. That such was not the understanding of the parties we think manifest from the portion of the stipulation of the last named date above set forth, which was signed by the attorneys for the respective parties.

The appeal must be dismissed, and it is so ordered.

67

Neither Mr. Justice Shafter nor Mr. Justice Sanderson expressed any opinion.