MICHAEL LYNCH, ADMINISTRATOR OF THE ESTATE OF THEODORE DEHON, DECEASED *v.* MARY DUNN.

NOTICE OF APPEAL—TIME OF SERVICE.—The filing of the notice of appeal must precede or be contemporaneous with the service on the adverse party to render an appeal effectual.

IDEM—TIME AND MODE OF MOVING TO DISMISS APPEAL FOR WANT OF SUFFICIENT NOTICE OF APPEAL.—The respondent's attorney, who had not been served with a copy of the transcript on appeal, as required by the rules of this Court, filed his written motion in this Court, in due time under said rules, to dismiss the appeal for want of a sufficient notice of appeal, in this, and upon the ground, which was true in fact, that the service of the notice had preceded the filing of the same.    Thereafter, and in the absence of respondent's attorney, and while said motion was pending undisposed of, appellant's attorney obtained an order submitting said cause on briefs to be filed : *held,* that under these circumstances, Rule XIII of this Court, which requires "that in such case the objection must be presented to the Court before the argument on the merits," does not, as coming too late, prevent respondent from insisting on his said motion in his brief filed under said order of submission, and that the appeal must be dismissed.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendant appealed.
The other facts are stated in the opinion of the Court.

*Van Dyke & Redman,* for Appellant.

*Edward Tompkins,* for Respondent.

By the Court, CROCKETT, J. :

It appears from the transcript in this case that the notice of appeal was served on the 30th day of August, 1867, but was not filed with the Clerk until the following day, August 31st, 1867.    This was insufficient.    The filing of the notice must precede or be cotemporaneous with the service on the adverse party.    (*Buffendeau* v. *Edmondson,* 24 Cal. 94.)    We have adhered to this ruling in numerous subsequent cases, and it must be regarded as settled in this Court.

There is no evidence in the cause that a copy of the tran-

script was served at any time on the attorney for the respondent, as required by Rule IX of this Court. But on the calling of the cause for trial at the last July term of the Court, to wit: on the 12th of July, no one appearing for the appellant, the appeal was dismissed for want of prosecution; and four days thereafter, on motion of Yale, attorney of record for appellant, the order dismissing the appeal for want of prosecution was vacated, and the cause submitted on briefs to be filed. But it appears that on the tenth day of July, two days before the order dismissing the appeal for want of prosecution, and at the first term after the filing of the transcript, the counsel for the respondent filed a motion in writing, as required by Rule XIII of this Court, to dismiss the appeal on the ground that the notice of appeal was insufficient, for the reason that it was served the day before it was filed. This motion has never been decided; and in his brief the counsel for respondent urges the dismissal of the appeal on this ground. Rule XIII requires that "in such case the objection must be presented to the Court before the argument on the merits." But in this case, the whole case, on motion of appellant's attorney, was submitted on briefs to be filed, and as no copy of the transcript has been served on the attorney for respondent, he cannot be deemed to be in default for having failed to bring his motion to the attention of the Court before the cause was submitted on motion of the attorney for appellant. The order of submission is sufficiently broad to cover the pending motion, and if it were not, the motion having been made in due time and in the proper form, and being still pending, we hold that under the circumstances of the case the respondent's counsel has not waived it, and is entitled to have it now decided.

It is ordered that the appeal be dismissed.