Lyon County v. Washoe County.

The orders of the district court refusing a new trial and confirming the report of its commissioners are affirmed.

LYON COUNTY, Appellant, v. WASHOE COUNTY, Respondent.

Service by Mail, when Complete.  Where an affidavit of service of copy of notice of appeal by mail stated that it was deposited in the post-office at Dayton on a certain day, directed to the proper person to be served at Carson and postage paid : *Held*, that the service, if proved at all, was a service on the day of such deposit.

Notice of Appeal must be Filed before Copy Served.  To render an appeal effectual the filing of the notice of appeal must precede or be cotemporaneous with the service of the copy : otherwise that which purports to be a copy fails as such for want of an original to support it.

Appeal from the District Court of the Fourth Judicial District, Humboldt County.

This was an action to obtain a decree declaring certain territory near the north-east corner of Storey County within the boundaries of the plaintiff, Lyon County, and not within the boundaries of the defendant, Washoe County.  The case was tried in the court below before a jury, which returned a verdict for defendant.  Judgment was accordingly entered to the effect that the disputed territory was within the limits and subject to the jurisdiction of Washoe County, and for $2798 85 costs.

The plaintiff gave notice of appeal as stated in the opinion. The defendant moved to dismiss.

*Robert M. Clarke*, for Respondent.

*John Powell, Jr.*, for Appellant.

By the Court, Belknap, J.:

The respondent moves to dismiss the appeal.  One of the reasons assigned for the motion is that the copy of the notice of appeal was served before the notice of appeal was filed with the clerk of the district court.

The only evidence of service of a copy of the notice of appeal is contained in the following affidavit of John Powell, Jr.: "—— that on Sunday, June 18th, 1871, according to his best recollection and belief, he deposited at the post-office at Dayton, Nevada, a copy of said notice of appeal and a copy of said proposed statement on appeal, directed to R. M. Clarke, Esq., attorney, etc., Carson, Nevada, and paid the postage thereon.      *      *      *" If any service is proven by this affidavit it is on June 18, 1871. The transcript shows that the notice of appeal was filed June 19, 1871. It is well settled, that to render an appeal effectual the filing of the notice of appeal must precede or be cotemporaneous with the service of the copy: otherwise that which purports to be a copy fails as such for want of an original to support it. *Buffendeau* v. *Edmondson,* 24 Cal. 94; *Moulton* v. *Ellmaker,* 30 Cal. 527; *Boston* v. *Haynes,* 31 Cal. 107; *Foy* v. *Domec,* 33 Cal. 317; *Lynch* v. *Dunn,* 34 Cal. 518. It is ordered that the appeal be dismissed.