[No. 8517.]

P. W. JOHNSON and E. REINHART, Appellants, *v.* THE BADGER MILL and MINING COMPANY et al., Respondents.

Notice of Appeal and Undertaking on Appeal—When must be Filed.— In construing sections 331 and 348 of the civil practice act: *Held,* that a copy of the notice of appeal, as filed, must be served before or at the time of filing the undertaking on appeal.

Motion to dismiss appeal.
The facts appear in the opinion.

*Ellis & King,* for the motion:
Cite *Towdy* v. *Ellis,* 22 Cal. 651; *Carpenter* v. *Williamson,* 24 Cal. 609; *Buffendeau* v. *Edmonson,* 24 Cal. 95.

*Thomas H. Wells,* against the motion.

By the Court, Hawley, C. J.:

Respondents move to dismiss the appeal herein, upon the ground that no undertaking on appeal was filed after the notice of appeal was served.

The record shows that the notice of appeal was filed April 16, 1877, but service thereof was not made until April 20, 1877. The undertaking on appeal was filed April 16, 1877. Section 331 of the civil practice act provides as follows: "The appeal shall be made by filing with the clerk of the court with whom the judgment or order appealed from is entered a notice, stating the appeal from the same, or some specific part thereof, and serving a copy of the notice upon the adverse party or his attorney." (1 Comp. L. 1392.)

It was decided by this court, in *Lyon County* v. *Washoe County*, that "the filing of the notice of appeal must precede, or be contemporaneous with the service of the copy." (8 Nev. 177.) But the appeal is not made until the notice is served. The appeal is taken by filing and serving the notice. (*Lambert* v. *Moore*, 1 Nev. 344; *Peran* v. *Monroe*, 1 Nev. 484.) To render the appeal so taken effectual a written undertaking, executed upon the part of appellant, must be filed, or a deposit made with the clerk, within five days after the notice of appeal is filed. (1 Comp. L. 1402.)

Section 348 gives the adverse party five days after the filing of the undertaking to except to the sufficiency of the sureties. (1 Comp. L. 1409.)

By comparing these sections of the practice act, it seems to us that the copy of the notice of appeal, as filed, must be served on the proper party before or at the time of filing the undertaking on appeal. This construction, as was said by the supreme court of California, in *Buffendeau* v. *Edmonson*, "is rendered imperative in order to secure to the respondent the full five days from the filing of the undertaking within which to except to the sufficiency of the sureties." (24 Cal. 96.)

In *Carpenter* v. *Williamson et al.* (24 Cal. 609), the undertaking on appeal was filed one day after the filing of the notice of appeal, and one day before the notice was served. The court dismissed the appeal upon the ground that the undertaking was filed before the notice of appeal was filed and served.

Appellants having failed to file an undertaking on appeal after the notice of appeal was filed and served, it follows that the appeal must be dismissed. It is so ordered.