[No. 1018.]

REESE GOLD AND SILVER MINING COMPANY, RESPONDENT, v. RYE PATCH CONSOLIDATED MILL AND MINING COMPANY, IMPLEADED WITH OTHERS, APPELLANT.

APPEAL—How TAKEN.—In order to take and perfect an appeal, the appellant should first file his notice of appeal, next serve it, and, within five days of the filing of the notice, file an undertaking on appeal.

IDEM.—*Held,* upon a review of the facts, that appellant was not excused for failing to follow the rule above prescribed.

MOTION to reinstate appeal.

The facts sufficiently appear in the opinion.

*Paul Neumann and Crittenden Thornton,* for the motion:

I. The right of appeal should be liberally construed. (1 Comp. L. 1391, 1392, 1402, 1409; *Conant* v. *Conant,* 10 Cal. 254; *Knowles* v. *Yeates,* 31 Id. 87; *Houghton's Appeal,* 42 Id. 52; *Lawton* v. *Commissioners,* 2 Caine, 179; *Rex* v. *Commissioners,* 2 Keble, 43; *Rex* v. *Moreley,* 2 Burr, 1042.)

II. The filing of an undertaking on appeal within five days after the filing of the notice, irrespective of the time of service of the notice, provided the service of the notice be within sixty days of the order appealed from, is a literal compliance with the provisions of the statute, and is, therefore, sufficient. The filing of an undertaking within five days of the service of the notice of appeal, irrespective of the time of the filing of the notice, provided all these acts be performed within sixty days of the date of the order appealed from, is a substantial compliance with the provisions of the statute when fairly and liberally construed, with the intent to effect their reasonable intent and purpose.

III. The filing of an undertaking for costs on appeal, within five days after the filing of a notice of appeal, is jurisdictional. (*Elliott* v. *Chapman,* 15 Cal. 383; *Dooling* v. *Moore,* 19 Id. 81; *Gordon* v. *Wansey,* 19 Id. 82.)

*Lewis & Deal,* against the motion:

The filing and serving a notice of appeal, and the filing

an undertaking, are the acts by which the supreme court obtains jurisdiction of the case, as much so, as the service of a summons, is the act by which a *nisi prius* court obtains jurisdiction of a party defendant. If so, there can be no doubt but all acts required to be performed must be strictly followed. But whether they be jurisdictional or not, this court has often held, that they must be regularly performed. (*Lyon Co.* v. *Washoe Co.*, 8 Nev. 177; *Peran* v. *Monroe*, 1 Id. 484; *Lambert* v. *Moore*, 1 Id. 344; *Johnson* v. *Badger M. & M. Co.*, 12 Id. 261; *Aram* v. *Shallenberger*, 42 Cal. 275.) As bearing upon the same question, we refer to the following cases: 24 Cal. 96, 229, 609; 22 Id. 650; 26 Id. 263; 19 Id. 82; 10 Id. 32; 15 Id. 383; 42 Id. 406.

By the Court, BEATTY, C. J.:

The notice of appeal in this case was filed October 30, 1879, but not served until November 7. An undertaking on appeal was filed on the day the notice was filed, and another similar undertaking on the day it was served. On motion of respondent, the appeal was dismissed, on the ground that neither undertaking was sufficient to perfect it.

This is a motion by appellant to vacate the order of dismissal, in support of which it is contended: First, that the appeal was duly and properly taken and perfected, and that the *ex parte* order dismissing it was unadvisedly made; and second, that the failure to serve the notice of appeal in time (if it should be held not to have been in time) was excused by the circumstances set forth in the affidavits filed in support of the motion.

We will first inquire whether, upon the facts presented by the record, the appeal was duly perfected?

It is not denied that the provisions of section 341 of the civil practice act are mandatory. On the contrary, it seems to be conceded that, whatever its requirements are, they must be strictly complied with or the appeal is wholly ineffectual.

But counsel makes an elaborate and ingenious argument to prove that, in one respect, it is not to be understood in its literal sense. He contends that it does not really mean

that the undertaking must be filed within five days after the notice of appeal is filed, but only that the filing of the undertaking must be within five days after the appeal *is made* by the filing *and service* of notice. Upon this construction of the act he claims that his second undertaking, filed November 7, was in time to perfect his appeal.

Without pretending to follow out the line of argument by which counsel attempts to sustain his proposition, we content ourselves with saying, that it does not appear to us to present any valid reason for construing the statute otherwise than according to its plain terms. We think that an undertaking on appeal, filed more than five days after the filing of the notice, is void, and consequently that the second undertaking filed in this case was of no effect.

As to the first undertaking, that was equally void, because it was filed before the notice of appeal was served.

This court, following the repeated decisions of the supreme court of California, construing a similar statute, has held that the filing of notice of appeal must precede or be contemporaneous with service on the respondent (*Lyon County* v. *Washoe County,* 8 Nev. 177), and that service of the notice must precede or be contemporaneous with the filing of the undertaking. (*Johnson et al.* v. *Badger Co.,* 12 Nev. 261.)

It follows from these decisions and the terms of the practice act (sec. 341) that, in order to take and perfect an appeal, the party desiring to do so should first file his notice of appeal, next serve it, and within five days of the filing of the notice, file an undertaking, which of course implies that the notice must be served within five days after it is filed.

There ought to be no difficulty in understanding this rule, and none in following it; and even if we were to concede that, as an original proposition, the statute might well have been construed to mean something else, there would be no reason for adopting such a construction at this late day. We have a rule of practice which has been settled by a line of decisions in California and in this state, and which ought to be, if it is not, well understood by the profession.

If it should now be set aside in favor of that contended for by counsel, we would simply have a new and unfamiliar rule, sustained by no surer construction of the statute, and not a whit more convenient than the old one.

For these reasons we would not feel justified in setting aside our former decisions upon the matter in question, even if we were better satisfied than we are that our construction of the statute rests upon implications too far-fetched and reasons too insubstantial. In matters of practice like this there must be some rule, and even a poor rule uniformly maintained is better than no rule at all, or a rule subject to continual changes.

Having thus determined that, on the facts disclosed by the record, there was a failure to perfect the appeal, we come next to the question, whether the affidavits filed in support of the motion, show any excuse for the failure on the part of appellant to take the proper steps within the proper time.

It is at least doubtful whether, under any circumstances, an appeal can be taken without a compliance with every requirement of the statute; but for the purposes of this case it may be conceded that an appellant will be excused, if by the act of the respondent, and without any negligence on his part, compliance is rendered impossible. It is attempted, by the affidavits in this case, to show that service of the notice of appeal prior to November 7, was rendered impossible by the absence of respondent's attorney from his office and residence. The showing is, however, wholly insufficient. It appears that the attorney was absent from his office and residence from October 30 to November 7, and that during all of that time his office was locked up; but it does not appear that any attempt was made to serve the notice at his residence, as provided by the statute in such case (Pr. Act, sec. 496). On the contrary, the attorney for appellant testifies, that knowing of the absence of respondent's attorney from the county, and being informed and believing that his wife had accompanied him, and that he had no other family, he made no attempt to serve him at his residence. This, we think, was a fatal mistake. If the

information relied on had been correct, it still would not have justified the inference, that no person of suitable age and discretion was to be found at the attorney's residence. But it happened that the information upon which appellant's attorney acted was false. The attorney for respondent, during his absence from the county, left his house in charge of no less than three adult members of his family, including his wife, and so the service of the notice was perfectly feasible. Besides, there were other attorneys of record in the case, who might have been served by mail, and, moreover, there was abundance of time after the seventh of November, to file and serve a new notice of appeal, the time for appealing not having expired by forty-two days, when the attorney for respondent returned to the county.

Upon this state of facts, we think there was no sufficient excuse for failing to follow the established rule in taking this appeal, and the motion to vacate the order of dismissal is denied.