CHARLES E. BROOKS, APPELLANT, *v.* THE NEVADA NICKEL SYNDICATE (LIMITED), A CORPORATION, RESPONDENT.

AND

[No. 1532.]

NATIONAL NICKEL COMPANY, A CORPORATION, APPELLANT, *v.* THE NEVADA NICKEL SYNDICATE (LIMITED), A CORPORATION, RESPONDENT.

PRACTICE ON APPEAL—FILING AND SERVICE OF NOTICE. The filing of a notice of appeal contemplated by the statute is the actual delivery of the notice to the clerk, and the placing thereon of the proper endorsement, and the mere deposit of the notice in the postoffice, directed to the clerk, contemporaneously with the service of a copy thereof, is not a compliance with the statute which requires that the filing of the notice of appeal must precede or be contemporaneous with the service.

PRACTICE—EFFECT OF ADMISSION OF SERVICE. An indorsement by an attorney on a notice of appeal, admitting "the receipt of a copy of the within paper," on a certain date, admits nothing except a service of a copy of the paper on that date.

IDEM—RULES OF SUPREME COURT. Where there is no statutory rule regulating the practice on appeals to the supreme court, the rules of this court have the force and effect of a statute.

IDEM—EFFECT OF STIPULATIONS—WAIVER. Where respondents file stipulations postponing the oral arguments, and enlarging the time in which parties should file briefs, reserving therein all objections, etc., that either party may have under the rules of court, they do not thereby waive any right of objection to the regularity of the filing and service of notice of appeal, given them by Supreme Court Rule No. VIII, requiring objections to the notice of appeal, etc., or to its proper service or proof of service, to be taken at the first term after the transcript is filed.

IDEM—EFFECT OF PROPOSING AMENDMENTS—WAIVER. Respondent does not waive any objection to the service or filing of the notice of appeal by subsequently serving appellant with amendments to his proposed statement on appeal.

APPEAL from the District Court of the State of Nevada, Ormsby county; *C. E. Mack*, District Judge:

Actions by Charles E. Brooks against the Nevada Nickel Syndicate (Limited), and by the National Nickel Company against the same defendant. From judgments for defendant, plaintiffs appeal separately. On motions to dismiss. Granted.

The facts sufficiently appear in the opinion.

*George W. Baker*, for Appellant:

I. In *Lyon* v. *Washoe County*, 8 Nev. 178, the court said:

"It is well settled that, to render an appeal effective, the filing of the notice of appeal must precede *or be contemporaneous with* the service of the copy." We contend that the filing of the notice of appeal in this case was contemporaneous with the service of the copy. In *Wright* v. *Ross,* 26 Cal. 263, a notice of appeal was served upon defendant's attorney, who admitted service upon the original, and immediately thereafter the original was taken to the court room and filed. This was regarded as one act, and the filing and service were held to be contemporaneous. If the office of the attorney for respondent had been in Carson, and the notice of appeal served upon him there, and immediately taken to the court room and filed, this, under the authority cited, must have been regarded as one act, and the filing and service deemed contemporaneous. In the actual case, the office of respondent's attorney was in San Francisco, and after the service of the original notice upon him, and the endorsement of his admission of service thereon, it was immediately taken to Carson and filed. The act of service and filing in this case is as much one act as though the office of respondent's attorney were in the next room to the clerk's office. There is no difference in principle. To accomplish the act of serving and filing a paper in this case, necessitated parts of two days, on account of the distance from the office of respondent's attorney to that of the clerk, but it nevertheless constituted but one act. A single act may take more than one day to perform, as was the case here, and we think there can be no doubt that the proceedings in connection with the service and the filing of this notice of appeal were contemporaneous, within the meaning of the decided cases.

II. It is true that this court has uniformly held that the filing of a notice of appeal must precede or be contemporaneous with the service. But the case at bar can be readily distinguished from these cases. Here, as we have shown, the act of serving and filing the paper constituted a single continuous act, and under the authorities, when such is the case, it is immaterial whether that act was initiated by the service or the filing.

III. The order of service and filing of a notice of appeal is immaterial. To deny the motion upon this ground, would

involve a reversal of the cases cited, and of many other early cases in California. But we shall proceed to show that this is the reasonable construction of the statute, and we feel confident that this court will not consider itself bound by court-made law, and the principle of *stare decisis*, when the fallacy of the reasoning which led to it is made apparent. The Supreme Court of Washington, under an identical statute, had decided that the order of service and filing of a notice of appeal is immaterial. (*Sadler* v. *Neisz*, 5 Wash. 182; 31 Pac. Rep. 630.)

IV. In California, more than twenty years ago, the unreasonableness of the construction which the court there had placed upon the statute became apparent, and the legislature declared in so many words that the order of service and filing was immaterial. (Cal. C. C. P. 940.)

V. The mere filing of a notice of appeal without proof of service is ineffectual. (*Henness* v. *Wells*, 16 Or. 266.) And it is obvious that the best proof of service is the admission of respondent's attorney on the original that a copy of it has been received. It is equally apparent that such admission must be obtained before filing. Hence, in all reason, it would seem that the service must precede the filing in the case of a notice of appeal as it does in the case of all other documents filed in a court. The reasoning of the decisions which have interpreted the statute to mean that the filing must precede the service, seems to be that, if the paper is served before it is filed, there can be no original to support the copy. But it is apparent that such reasoning would apply with equal force to answers, demurrers, bills of exceptions and the many other papers which may be served before they are filed. The very fact that an attorney admits on an original document the receipt of a copy of it, should estop him from denying the existence of the original.

VI. Respondent has waived the right to dismiss the appeal. The appellant served and filed its notice of appeal in this action. The respondent now objects to the manner of the service and filing. But any irregularity in the service and filing of the notice of appeal has been waived by the respondent by its action upon the notice. When the notice of appeal was served upon respondent's attorney, he acknowl-

edged service by writing thereon "receipt of a copy of the within paper is hereby admitted, this 12th day of January, 1898." By acknowledging service, in the manner above stated, the respondent waived the right to object that the appeal could not be heard when the case was brought on in this court. (*Withers* v. *Little*, 56 Cal. 373; *Livermore* v. *Webb*, 56 Cal. 400.)

VII. Thereafter the appellant presented a proposed statement on appeal to the respondent, and subsequently the respondent served upon the appellant his amendments to that statement. Thereafter the respondent entered into two stipulations postponing the oral argument of the case and enlarging the time for the respective parties to file their briefs. It is true that these stipulations contained the following reservation: "It is further stipulated and agreed that each party reserves all objections, exceptions and motions that either of them may have made, or may make *under the rules of said court*." The present motion to dismiss this appeal is not one made under the rules of this court. The only objection which may be urged under the rules of this court for the dismissal of an appeal is that the transcript of the record was not filed in time, and all other objections are waived by the appearance. Where both parties appear, any irregularity in the notice of the appeal is waived. (*McLeran* v. *Shartter*, 5 Cal. 70; *Shay* v. *Superior Court*, 57 Cal. 542.)

*W. E. F. Deal*, for Respondent:

I. "The method of taking appeals and the questions to be covered thereunder by the appellate court are matters purely of a statutory regulation." (*Burbank* v. *Rivers*, 20 Nev. 83.)

II. The statutes of Nevada provide (Gen. Stats. 3353, p. 823): "The appeal shall be made by *filing with the clerk of the court with whom the judgment or order appealed from is entered*, a notice, stating the appeal from the same or some specific part thereof, and *serving* a copy of the notice upon the adverse party or his attorney." The notice, as will be seen from the statute, must be first filed and afterwards served.

III. This court say in *Lyon County* v. *Washoe County*, 8 Nev. 178: "It is well settled that to render an appeal effect-

ive, the filing of the notice of appeal must precede or be contemporaneous with the service of the copy; otherwise, that which purports to be a copy fails as such for want of an original to support it. (*Buffendeau* v. *Edmundson*, 24 Cal. 94; *Moulton* v. *Ellmaker*, 30 Cal. 527; *Boston* v. *Haynes*, 31 Cal. 107; *Foy* v. *Domec*, 33 Cal. 317; *Lynch* v. *Dunn*, 34 Cal. 518.)" See, also, *Reese M. Co.* v. *Rye Patch M. Co.*, 15 Nev. 343; *State* v. *Alta S. M. Co.*, 24 Nev. 230.

IV. The place of service has nothing whatever to do with the question. The statute is a positive one, and has been repeatedly construed by this court. The original notice might have been sent by mail to Carson and filed at any time during the sixty days allowed for appeal, and proof of service could have been made by the service of a copy and acknowledgment thereof subsequently to or contemporaneously with the filing in San Francisco, or the original could have been filed in Carson and a copy mailed from there at the same time or subsequently to appellant's attorney, and the service would have been good, or, under the act of March 19, 1897 (Stats. 1897, p. 112), the service could have been made by filing the papers or notice to be served in the county clerk's office, if respondent's attorney had no office. If the attorney did not know where the office of respondent's attorney was, or if respondent's attorney had no office, he could have served it under this statute, but the attorney for respondent did have an office, and the office was known to attorney for appellant, who did attempt to make service of the paper, but it was no service because there was no original on file to support it.

V. The statute was adopted from California where it had been similarly construed by the supreme court for many years, as will be seen from the report of the case in 8th Nevada in the same way this court construed it. This construction was followed in California until the legislature of that state changed the law by amendment. It will be time enough to change the practice here when the Legislature of Nevada changes the law.

VI. In *Sadler* v. *Neisz*, 5 Wash. 182, cited by counsel for appellant, the Supreme Court of Washington say: "It is also moved to dismiss the appeal  *  *  *  because the serv-

ice of the notice of appeal was made before the notice was
filed in the clerk's office, but this is precisely what the Code
of Procedure, sec. 1405, seems to contemplate." This is all
that is said by the court with reference to this question. It
would make no difference what the Supreme Court of Wash-
ington had decided, even if the statutes had been the same,
as this court would follow its own decisions in such a matter
as this rather than follow the decision of another court, upon
the principle of " *stare decisis.*" (*Solen* v. *V. & T. R. R. Co.,*
14 Nev. 406.) But by an examination of section 1405 of the
Washington Code of Procedure this court will see that the
statute of Washington is entirely different from ours. (Hill's
Annotated Statutes and Codes of Washington, vol. 2, p. 541.)

VII. It is contended that respondent has waived its right
to dismiss the appeal. First, because respondent's attorney
acknowledged service of the notice. The acknowledgment
of service is only one of the modes of proving service. The
acknowledgment was in this form: "Receipt of a copy of
the within paper is hereby admitted, this 12th day of January,
1898." There was not even an admission that the paper was
a notice of appeal. It was not a notice of appeal and could
not be one, because the original had not been filed. The
acknowledgment could prove no more than any other proof
of service. It admitted nothing except that a copy of the
paper had been received on the 12th day of January, 1898.
It amounted to no more than an affidavit of service would
have shown. It contained a waiver of nothing. All the
admission is that the paper was served on the 12th day of
January, 1898. In the case of *Towdy* v. *Ellis*, 22 Cal. 657,
under a statute similar to ours, the respondent accepted serv-
ice of a notice of appeal in the following form: "Due serv-
ice of a copy of the within notice is hereby accepted to have
been made this twentieth day of February, 1863." The court
say (p. 658): "In this case the acceptance only admits that
the notice was duly served at a certain date and cannot be
considered as a waiver of the objection,".and the appeal was
dismissed. The cases of *Withers* v. *Little*, 56 Cal. 373, and
*Livermore* v. *Webb*, 56 Cal. 489, do not support appellant's
contention.

VIII. The service statement on appeal and amendments

of respondent thereto does not help appellant. That did not constitute a waiver, because the statement and amendments are entirely independent matters. If a party desires a statement on appeal, he has the right to propose one, and respondent has the right to amend, but the appeal can be taken afterwards.

IX. It is claimed that the defect in the appeal is cured by stipulations on file. These stipulations were made before the record was filed in this court. The record was filed here March 5, 1898. In each of these stipulations each party reserved all objections, exceptions and motions that either of them may have made, or may make, under the rules of this court. The statute does not require any copy of the record to be served upon a respondent where the original record is brought to this court on appeal, as in this case. The respondent does not know, and cannot legally know, what the record will be until it is filed in this court. No objection to the record can be made until it is here. How, then, can any stipulation filed, made before the record is filed, operate as a waiver of any objection to the record? There is nothing to object to until the record is filed. The objection, however, is one which is provided for by Rule VIII of this court. This objection is to the notice of appeal, and this rule was intended to cover just such matters as this. The objection is made in time and noted in respondent's brief, which was filed three days before the argument.

By the Court, MASSEY, J.:

The question presented on motion to dismiss each appeal in the above actions being the same, it is both convenient and proper that the motions be disposed of in one opinion. Each appeal is from an order of the lower court setting aside and vacating a judgment taken by default. The orders were made on the 3d day of January, 1898. The record shows that the notice of appeal in each case was served upon the attorney for the respondent on the 12th day of January, 1898, and was filed in the clerk's office on the 13th day of January, 1898.

The appellant has shown, by affidavit, that the notices were served upon the attorney at his office in the City of San

Francisco on the 12th day of January, 1898, and were immediately mailed to the clerk of the district court at Carson City, and from this showing contends that the filing on the 13th day of January was contemporaneous with the service. This contention is not tenable.   The filing contemplated by the statute is the actual delivery of the notice to the clerk, and the placing thereon the proper endorsement.   It must, at least, be actually delivered to the clerk, and it can hardly be said to have been delivered to the clerk at the time of its deposit in the postoffice at San Francisco in the absence of any statutory authority making such a deposit an actual delivery.   The acts of service and mailing were undoubtedly contemporaneous, but the acts of service and filing under the statute were not contemporaneous—did not occur at the same time, but at different times and on different dates.

It is also contended that the proof of service of the notices, by which the attorney admitted " the receipt of a copy of the within paper," on the 12th day of January, 1898, operated as a waiver of any irregularity in the filing and service of the same.   This acknowledgment admitted nothing except the service of a copy of the paper on that date, and was in effect sufficient proof of such fact, and it would require a strained construction of language to hold that such acknowledgment operated as a waiver of an objection that the notice had not been filed within the time required by the statute.   (*Towdy* v. *Ellis*, 22 Cal. 650.)

It is also contended that the respondent waived any objection to the irregularity of the filing and services of the notices by subsequently entering into and filing stipulations in the actions, postponing the oral argument, and enlarging the time in which the respective parties should file their briefs. In these stipulations each party reserved all objections, exceptions and motions that either may have made, or may make, under the rules of the court.   Rule VIII of the court requires that exceptions or objections to the transcript, statement, the undertaking on appeal, notice of appeal, or to its service or proof of service, or any technical exception or objection to the record affecting the right of the appellant to be heard on the points of error assigned, which might be cured on suggestion of diminution of the record, must be taken. at the first

term after the transcript is filed, and must be noted in the written or printed points of the respondent, and filed at least one day before the argument, or they will not be regarded.

There being no statutory rule regulating the practice in these matters, this rule has the force and effect of a statute. This is so well established that a citation of authorities in support thereof is not necessary. Whether or not the making and filing the stipulations, without the reservation, would operate as a waiver of the irregularities under the rule is not before us, and upon that question we express no opinion. But it is so clearly evident from the reservation contained in the stipulations that the parties did not intend to waive the right under the rule to make the objections that we are now considering, that to hold otherwise would be saying that the parties had stipulated to do that which they expressly stipulated they did not intend to do.

It is also urged that because the respondent subsequently served the appellant with amendments to his proposed statement on appeal to be settled by the district court, that he thereby waived the right to make the objections to the notice. In the absence of any cited authority, we are unable to understand why the exercise of a statutory right to have the statement settled and made to conform to the truth in the lower court before appeal could operate as a waiver of the right to object to the notice of appeal because of irregularity in the filing and service thereof, which under the rule above quoted, could only be made after appeal. It is also suggested that the order of service and filing the notice of appeal is immaterial. This court has repeatedly held otherwise—that the filing of the notice of appeal must precede or be contemporaneous with the service. (*Lyon Co.* v. *Washoe Co.*, 8 Nev. 177; *Johnson* v. *Badger M. & M. Co.*, 12 Nev. 261; *Reese G. & S. M. Co.* v. *Rye Patch Con. M. & M. Co.*, 15 Nev. 341.)

Adopting the language of the court in the case of *Reese M. Co.* v. *Rye Patch M. Co.*, above cited, as the rule in this case, we must hold that "in order to take and perfect an appeal, the party desiring to do so should first file his notice of appeal, next serve it." * * * The court further says, in the same opinion: "There ought to be no difficulty in understanding this rule and none in following it; and, even if we were to

concede that, as an original proposition, the statute might well have been construed to mean something else, there would be no reason for adopting such a construction at this late day. We have a rule of practice which has been settled by a line of decisions in California and in this state, and which ought to be, if it is not, well understood by the profession. * * * For these reasons we would not feel justified in setting aside our former decisions upon the matter in question, even if we were better satisfied than we are that our construction of the statutes rests upon implications too far-fetched and reasons too insubstantial. In matters of practice like this there must be some rule, and even a poor rule uniformly maintained is better than no rule at all, or a rule subject to continual changes."

The notice of appeal having been filed after the same was served, and the objections of the respondent to the notice having been made in proper time, and not having been waived, the appeals will be dismissed.

Let an order be entered accordingly.