[No. 1722.]

THE STATE OF NEVADA, ex rel. H. J. JONES and G. S. GARCIA, Relators, *v.* GEORGE S. BROWN, Judge of the District Court of the Fourth Judicial District of the State of Nevada, in and for the County of Elko, and PETE CORTA, Respondents.

1. Justices of the Peace—Appeal—Notice—Filing and Service—Order. Under Compiled Laws, 3676, providing that an appeal from justice court shall be taken by filing notice with the justice and serving a copy on the adverse party, the order in which the notice is filed and served is immaterial.

2. Justices of the Peace—Procedure—Liberal Practice. A more liberal rule of practice prevails in procedure in justice courts than in higher courts.

3. Justices of the Peace—Appeal—Undertaking—Sufficiency. Under the civil practice act, sec. 584 (Comp. Laws, 3679), requiring appellant from justice court to file a one-hundred-dollar undertaking to pay the costs on appeal, or, if a stay of proceeding is claimed, an undertaking in a sum equal to twice the amount of the judgment, an undertaking for $600 reciting a desire to appeal and binding appellant to pay the judgment and all costs, on withdrawal or dismissal of the appeal or to pay the judgment on appeal, is good as an undertaking to pay the costs on appeal, and is sufficient to perfect the appeal, regardless of its sufficiency to stay proceedings.

Sweeney, J., dissenting.

Application by the State of Nevada, on the relation of H. T. Jones and G. S. Garcia, for a writ of prohibition

against George S. Brown, District Judge, and Pete Corta.
**Writ denied.**

The facts sufficiently appear in the opinion.

*E. J. L. Taber,* for Relators.

*F. S. Gedney* and *Charles B. Henderson,* for Respondents.

By the Court, NORCROSS, J.:

Relators contend that the district court, respondent herein, is without jurisdiction to consider an appeal from the justice court for the reason that the notice of appeal was served before it was filed, and, further, because there was no sufficient undertaking upon appeal. The notice and undertaking were both filed upon the same day and within the thirty days prescribed by statute for taking appeals from justice courts. (Comp. Laws, 3676.) The notice of appeal bears the acknowledgment of the service of a copy thereof on the same day that the original was filed. Upon the hearing of the motion made to dismiss the appeal, proof was offered showing that the attorney for the defendant in the justice court delivered a copy to the plaintiff's attorney, and took his acknowledgment of service upon the original, and shortly thereafter filed the original with the justice. The testimony given in respect to this filing and service is as follows: "I cannot say positively that I went directly from Mr. Taber's office to the office of said justice, and filed the original notice of appeal immediately, but believe I did. From Mr. Taber's office to the justice's office is about two blocks. I might not have gone direct from Mr. Taber's office to the justice's office and filed the original notice of appeal, but believe I did. I may have been detained on the way. I cannot say for certain which was the case."

This court in the case of *Lyon County* v. *Washoe County*, 8 Nev. 177, construing the statute regulating appeals from the district to the supreme court, followed the law as laid down by the early California decisions construing a statute from which ours was doubtless adopted, and held "that, to render an appeal effectual, the filing of the notice of appeal must

precede or be cotemporaneous with the service of the copy; otherwise, that which purports to be a copy fails as such for want of an original to support it." This rule has been cited and followed in a number of decisions of this court, and has been regarded as the settled practice in so far as appeals from the district court to this court are concerned. (*Johnson* v. *Badger M. Co.*, 12 Nev. 261; *Reese M. Co.* v. *Rye Patch M. Co.*, 15 Nev. 341; *Spafford* v. *White River Co.*, 24 Nev. 184; *Brooks* v. *Nevada Nickel Syndicate*, 24 Nev. 264.)

In the cases in 12 Nev. 261, and 15 Nev. 341, *supra*, the precise point was not directly involved, the question in both cases being in reference to the proper time for filing the undertaking. However, this court, whenever it has had occasion to refer to the question, has always considered it as settled beyond controversy.

In the case of *Reese M. Co.* v. *Rye Patch M. Co.*, *supra*, counsel urged upon the court the advisability of departing from the strict rule laid down in the Lyon County case, *supra*. Considering this request, the court, by Beatty, C. J., said: "There ought not to be any difficulty in understanding this rule, and none in following it; and, even if we were to concede that, as an original proposition, the statute might well have been construed to mean something else, there would be no reason for adopting such a construction at this late day. * * * For these reasons, we would not feel justified in setting aside our former decisions upon the matter in question, even if we were better satisfied than we are that our construction of the statute rests upon implications too far-fetched and reasons too insubstantial. In matters of practice like this there must be some rule, and even a poor rule uniformly maintained is better than no rule at all, or a rule subject to continual changes."

In the application of the rule in question, parties have in many, if not the great majority, of cases, lost their rights of appeal upon a technicality that did not affect the substantial rights of the opposite parties. The harshness of this rule doubtless led the Legislature of California to amend their statute so as to provide that "the order of service is imma-

terial." (Code Civ. Proc. Cal. 940.) The cases both in this court and in that of California which adopted and followed the rule heretofore mentioned were cases upon appeal to the supreme court, and the section of the statute construed was that regulating appeals to the supreme court.

This is the first time it has ever been sought in this state to apply the same rule to appeals from justice courts to district courts, which appeals are taken under the provisions of another section of the statute than that construed in the cases referred to. It may be conceded that the language of the two sections is very similar, and, from this, it may appropriately be argued that the same rule ought to prevail. If, however, the rule is one susceptible of much criticism, and in practice in the higher courts has been productive of hardship, it is a matter seriously to be considered whether the rule ought to be extended to practice in the justice courts, where more liberal rules in respect to pleading and practice generally prevail. The section of the California code relative to appeals from justice courts is substantially the same as that of this state, and reads as follows: "Any party dissatisfied with a judgment rendered in a civil action in a police or justice's court, may appeal therefrom to the superior court of the county, at any time within thirty days after the rendition of the judgment. The appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party. The notice must state," etc. (Code Civ. Proc. Cal. 974.) This section was never amended as was section 940, so as to provide specifically that "the order of service is immaterial."

The question in respect to the order in which the notice of appeal from a justice court should be filed and served under the provisions of the section of the statute quoted first came before the Supreme Court of California in the case of *Coker* v. *Superior Court*, 58 Cal. 177, upon an application for a writ of prohibition, as in this case. Without any reference whatever to the earlier California decisions which had construed the statute regulating appeals to the supreme court, the court, quoting from the syllabus held: "To effectuate an appeal from the judgment of a justice of the peace three

things are necessary, viz., the filing of a notice of appeal with the justice, the service of a copy of the notice upon the adverse party, and the filing of an undertaking; and all of these things must be done within thirty days after the rendition of the judgment, and are jurisdictional prerequisites. But the mere order in which they are done within that time is not material. Accordingly, where a judgment was rendered in a justice's court on June 12th, and a notice of appeal served on June 16th, and filed on June 17th, and the undertaking on appeal filed July 7th, *held,* the appeal was well taken."

The foregoing rule has been cited as authority and specifically followed in a number of later California decisions, and may be regarded as the settled rule of procedure in that state. (*Dalzell* v. *Superior Court,* 67 Cal. 453, 7 Pac. 910; *Hall* v. *Court,* 71 Cal. 550, 12 Pac. 672; *Dutertre* v. *Court,* 84 Cal. 535, 24 Pac. 284; *Moffat* v. *Greenwalt,* 90 Cal. 372, 27 Pac. 296.)

The Supreme Court of Idaho, under a similar statute, follows the California rule laid down in the Coker case, *supra.* (*Brewing Co.* v. *Gillman,* 2 Idaho, 195, 10 Pac. 32.) The case is also cited with approval by the Supreme Court of South Dakota. (*Rudolph* v. *Herman,* 2 S. D. 404, 50 N. W. 833.)

The only material difference between the provisions of the sections of the California statute and those of this state regulating appeals from justice courts is in reference to the time of filing the undertaking on appeal. As the statute of this state allows five days after the filing of the notice of appeal in which to file the undertaking on appeal, in the event the notice of appeal was not filed and served until the thirtieth day after the judgment was entered the appellant would still have five days additional in which to file the undertaking. As the section of our statute providing for appeals from justice courts does not specifically provide for the order in which the notice of appeal shall be filed and served, and as a more liberal rule of practice should and does prevail in matters of justice court procedure, we think it better to adopt the course pursued by the Supreme Court of California, and hold that the order in which the notice of appeal is filed and served in cases of appeals from justice courts is immaterial:

This rule is as fully consistent with the provisions of the statute as the other which has been adopted governing appeals from district courts, and it has the advantage of promoting substantial justice, in that fewer cases will be dismissed upon a mere technicality upon appeals from justice courts, in which courts litigants may be represented by persons other than licensed attorneys.

The undertaking filed with the justice, which upon its face is styled "Undertaking on Appeal," and is also so indorsed, after reciting the date and amount of judgment, continues: "And, whereas, the said Pete Corta is dissatisfied with said judgment and desirous of appealing therefrom to the District Court of the Fourth Judicial District of the State of Nevada, in and for the County of Elko: Now, therefore, in consideration of the premises, and of such appeal, * * * does hereby undertake in the sum of six hundred dollars, and promise on the part of the appellant that said appellant will pay the amount of the judgment appealed from, and all costs, if the appeal be withdrawn or dismissed, or the amount of any judgment, and all costs that may be recovered against him in said action in the district court, not exceeding the aforesaid sum of six hundred dollars. * * * *"

Section 584 of the civil practice act (Comp. Laws, 3679) provides: "An appeal from a justice's court shall not be effectual for any purpose unless an undertaking be filed, within five days after filing the notice of appeal, * * * in the sum of one hundred dollars, * * * for the payment of the costs on appeal, or if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment, including costs," etc.

The undertaking in question nowhere recites that a stay of proceedings is claimed. It states only that the defendant is desirous of appealing from the judgment. The amount and form of the obligation, taken alone, *might indicate that a stay of execution was desired.* Whether or not it was the intention of the defendant by this undertaking to procure a stay of proceedings is immaterial so far as the proceeding in this court is concerned. If it is good as an undertaking to pay the costs on the appeal, it is sufficient to clothe the dis-

trict court with jurisdiction, whether it is sufficient to accomplish any other purpose or not. We think the words "all costs," as used in the undertaking, are sufficiently comprehensive to embrace the costs on appeal. (*Jones* v. *Superior Court*, 151 Cal. 589, 91 Pac. 505.)

As the undertaking does not express a condition that it is given to stay proceedings, it would be unwarranted to read such a condition into the bond when so to do would destroy its effect. The case which counsel for petitioner relies on may clearly be distinguished from the one at bar. In that case (*Wilson* v. *Doyle*, 12 Idaho, 295, 85 Pac. 938) the court said: "The conditions of the undertaking which are material to the consideration of the bond under discussion are as follows: 'And, whereas, the above defendant is desirous of appealing from the decision of said justice to the district court, * * * and a stay of proceedings is claimed: Now,'" etc. Here the undertaking specifially recites that it is given both for the purpose of appeal and for a stay of proceedings. Its form was deemed good as a stay bond, but it did not have the requisite additional undertaking in the sum of $100 to cover the costs on appeal. Hence it was held that there was no undertaking on appeal. The undertaking having recited that it was to accomplish both purposes provided for under the statute, a separate obligation was held to be necessary for each. The very material difference between the undertaking under consideration in the Idaho case and the one here involved is that the former was void because in effect it was only a stay bond, while the latter in effect is only a bond on appeal, and the amount, being larger than necessary for the purpose, does not destroy its effect.

TALBOT, C. J.: I concur.

SWEENEY, J., dissenting:

The record discloses that relators on the 18th day of May, 1906, commenced an action in the Justice Court of Elko Township, Elko County, State of Nevada, against Pete Corta, for an alleged unlawful trespass of sheep under sections 780 and 783 of the Compiled Laws. Service of summons and

the complaint was duly made. The defendant answered the complaint, and upon the issues joined the case was tried, and on the 31st day of May, 1906, judgment was rendered in favor of plaintiffs against defendant for damages, attorney's fees, and costs as prayed for in the complaint. On the 13th day of June, 1906, the defendant caused to be served on plaintiffs' attorney a purported notice of appeal from said judgment to the district court, and thereafter, on the same day, the original was filed in the justice court, together with an instrument purporting to be an undertaking on said appeal. On the 24th day of October, 1906, relators, the plaintiffs in said action, moved the district court for an order dismissing the appeal, interposing divers grounds in support thereof, all attacking the jurisdiction of the district court to hear and determine the appeal, for the reasons, as may be succinctly stated, that the original of the notice of appeal was filed in the justice court after the copy thereof was served, and that the undertaking on appeal also filed is fatally defective. It was therefore insisted by relators that the district court had no jurisdiction to try the cause. The district court held otherwise, and now relators by their verified petition move this court for a peremptory writ of prohibition restraining the trial in the lower court. If mere imperfections or irregularities, not impairing the jurisdiction of the district court and concerning which it had made and given its decision, exist, of course that decision, even if erroneous, would be final, but it is contended that the record shows that the statutes regulating appeals have been absolutely ignored, and in consequence of which the district court has acquired no jurisdiction of the appeal. Such being the contentions of relators, it is manifest that the question of jurisdiction is squarely presented, and, as relators have no plain, speedy, or adequate remedy in the ordinary course of law, nor any appeal to a higher tribunal, this is a proper proceeding to determine the points involved.

Probably, if the record were silent as to which was done first, the serving or filing of the notice of appeal, both occurring on the same day, it could with propriety be assumed

that each was done in its regular order, and that, the district court having so held, its ruling could not be disturbed; but the record is otherwise, for it unmistakably appears that the notice of appeal was filed on the same day after it was served. Some decisions hold that where acts are required to be done in sequence, and the record only discloses that they were done on the same day, it is presumed that such acts were performed in their regular order, or, at least, contemporaneously. But such is only a presumption which must necessarily fall where it appears, as it is admitted of record here, that the notice of appeal was filed after it was served, though on the same day. Nor can it be seriously maintained that the serving and filing were contemporaneous acts. Though it is not necessary to decide what acts could be held to be contemporaneous, yet I think it can hardly be said that when an attorney goes from his office to the office of opposing counsel, and there makes service of a document, and then proceeds to the office of the justice of the peace, and files the original of that document, the several acts involved in such filing and serving are contemporaneous. The acts so done are not done at one and the same time, nor together; but the service is commenced and completed before the filing is begun. Nothing appertaining to the one is intermingled with or dependent upon the other; but the act of service is absolutely separate and distinct from the act of filing. In this case, therefore, there being no question as to the order of service and filing of the notice of appeal, the service having preceded the filing, the statute regulating appeals has not been followed, and it only remains to be ascertained whether or not this renders the appeal fatally defective.

By section 3676 of the Compiled Laws it is provided that "the appeal shall be taken by filing a notice with the justice and serving a copy on the adverse party." This section is essentially similar to section 3426 of the same laws regulating appeals to the supreme court, which has often been construed in this and other jurisdictions. It is well settled in this state by statute and decisions thereunder, not only that the filing must precede the service of a notice of appeal, but

also, if these acts are done in the inverse order, the appeal will be dismissed, as the appellate tribunal cannot thus acquire the jurisdiction sought to be imposed.

In the case of *Spafford* v. *W. R. V. L. & L. S. Co.*, 24 Nev. 184, the record showed that the notice of appeal was served prior to its filing. This court, after citing and quoting from *Lyon County* v. *Washoe County*, 8 Nev. 177, *Lambert* v. *Moore*, 1 Nev. 344, *Peran* v. *Monroe*, 1 Nev. 484, and *Reese M. Co.* v. *Rye Patch M. Co.*, 15 Nev. 341, sustaining the rule, said: "Upon the plain provisions of the statute and the above authorities the appeal in this case is dismissed."

Concerning this rule, in *Reese M. Co.* v. *Rye Patch M. Co.*, *supra*, this court said: "It follows from the decisions and the terms of the practice act (section 341) that, in order to take and perfect an appeal, the party desiring to do so should first file his notice of appeal, next serve it. * * * There ought to be no difficulty in understanding this rule, and none in following it. Even if we were to concede as an original proposition the statute might have been construed to mean something else, there would be no reason for adopting such construction at this late day. We have a rule of practice which has been settled by a line of decisions in California and in this state, and which ought to be, if it is not, well understood by the profession. If it should be set aside in favor of that contended for by counsel, we simply would have a new and unfamiliar rule, sustained by no surer construction of the statute, and not a whit more convenient than the old one. * * * In matters of practice like this there must be some rule, and even a poor rule uniformly maintained is better than no rule at all, or a rule subject to continual changes."

The conclusions reached by the court in the matter of the attempted service and filing of the notice of appeal are enough in themselves to determine this proceeding, and it is therefore unnecessary to discuss the sufficiency of the undertaking. It is opportune to repeat, however, as this court has often done, that rules of practice are as binding upon the courts as they are upon litigants, and procedure should always be followed as plainly prescribed by statute. (*State* v. *Preston*,

30 Nev. 301, *ante; Central T. Co.* v. *Holmes M. Co.*, 30 Nev. 437, *ante.*) I am of the opinion that the district court acquired no jurisdiction of the attempted appeal of the action, numbered 10 on the docket of the justice court, entitled *H. J. Jones et al., Plaintiffs,* v. *Pete Corta et al., Defendants,* and in proceeding to hear and determine the same it would exceed its powers.

The peremptory writ of prohibition should be issued.