DELGADO ET AL., PETITIONERS, *v.* HUTCHISON, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Mayagüez in an action for the partition of community property originating in the Municipal Court of San Germán.

No. 119.—Decided May 22, 1914.

APPEALS FROM MUNICIPAL COURTS.—The period of ten days fixed by the Act of March 11, 1908, page 168, to regulate appeals from judgments of municipal courts in civil cases, cannot be extended.

ID.—NOTICE OF APPEAL—SERVICE BY MAIL.—The provisions of section 321 of the Code of Civil Procedure refer only to services to be made on the parties or their attorneys and not on the secretary of a court, and the word "serve" in the English text of section 1 of the Act of March 11, 1908, page 168, is equivalent to the words "deliver" or "file," and therefore the service of the notice of appeal on the secretary of a municipal court takes effect when it is received and filed in the office of the secretary and not when it is deposited in the mail.

The facts are stated in the opinion.

_Mr. *Miguel Juan Llaneras* for the petitioners.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

On August 16, 1913, the complainant, Ortiz Perichi, brought a suit in the Municipal Court of San Germán against José Antonio Pimentel y Santiago and others asking for a sale and partition of a certain house. On the 18th of November of the same year the Municipal Court of San Germán rendered judgment in favor of the complainant.

On December 1, 1913, the complainant asked the municipal court for the execution of the judgment inasmuch as no appeal had been taken from such judgment in spite of the fact that the complainant had been notified of the same. On the same day the court ordered, inasmuch as the judgment was unappealable (*firme*), that the secretary should issue an order to the marshal to execute the same.

On the same 1st of December, but after the foregoing order, the secretary of the court received a writing by mail from the attorney of José Pimentel, the defendant, appealing from the judgment rendered on the 18th of November previous, which writing the secretary filed. In accordance with the order of the court the marshal, on January 13, 1914, sold the property in question in execution of the judgment. On January 26, 1914, the attorney for the defendant filed in the municipal court a motion asking for an order declaring that the appeal had been duly taken and for such other order as might protect the interests of the defendant. On February 25, 1914, the municipal court overruled the foregoing motion and on March 2, 1914, the said defendant appealed to the District Court of Mayagüez from the order of February 25, 1914. On March 20, 1914, the petitioner and complainant, through his attorney, filed a motion in the District Court of Mayagüez asking that such court should declare itself without jurisdiction to decide the appeal taken by the defendant from the decision of the Municipal Court of San Germán of February 25, 1914. On April 13, 1914, the district judge of Mayagüez, in response to the motion of the complainant, the petitioner in this court, overruled the motion of such complainant and petitioner for the reason that he understood that an appeal had been formulated from the time that the defendant deposited in the post-office of Mayagüez the writing of the defendant addressed to the secretary of the Municipal Court of San Germán and to the attorney of the complainant, wherein the defendant appealed, inasmuch as the attorney for the appellant, José Sabater, resided in

a place distinct from the attorney for the complainant and distinct from the secretary of the said municipal court.

In response to the petition this court issued a writ of *certiorari* and the record was duly brought before us. It appears therein that on November 25 José Sabater, attorney for the defendants, wrote two notices of appeal, one directed to the secretary of the Municipal Court of San Germán and one directed to the attorney of the complainant, and deposited them both in the mail on that same day. Both letters were registered. The attorney for the complainant and petitioner received his notice in due time, but the notice to the secretary did not arrive until December 1, 1913. As the judgment of the municipal court was rendered on November 18, 1913, it is admitted that December 1, 1913, was beyond the term of ten days which the law allows.

The petitioner attacks the jurisdiction of the District Court of Mayagüez and two questions are presented for our consideration. The first is whether an appeal is duly taken from a judgment of the municipal court by depositing a written notice in the mail within the ten days which the law allows. The second question is whether the decision of this question could be properly considered by the District Court of Mayagüez, inasmuch as the particular appeal before it appears to be only from the order rendered on February 25, 1914.

Appeals from judgments of the municipal courts in civil cases are regulated by the law of March 11, 1908, section 1, Laws of 1908, in English, page 168; in Spanish, 124. The English version says, "He (the appellant) shall make the appeal by serving a written notice of appeal upon the secretary of the municipal court within ten days from the entry of judgment and by delivering a similar notice within the same term to the opposite party or his attorney," and the Spanish copy says, *"Formalizará la apelación notificándola por escrito al secretario de la corte municipal dentro de los diez días de dictada la sentencia y entregando igual notificación, dentro del mismo término, a la parte contraria o a su*

*abogado.*" No specific authorization is anywhere made in the laws for an extension of the time for appealing from judgments of the municipal courts. Reliance apparently is made solely on section 321 of the Code of Civil Procedure, which is as follows:

"Section 321.—Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail."

This section falls in Chapter V of Title XIII of the Code of Civil Procedure and is entitled "Service of Papers, Notice and Appearance." Section 320 provides that "The service of notice or other paper may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:" Then follow two paragraphs in the first of which provision is made for the service upon an attorney and the second paragraph thereof relates to service upon the party himself as distinct from his attorney. We think the service to which section 321 relates has only reference to notices to be served on parties or their attorneys and not to notices to be served on or filed with the secretary of a court. We think that section 322 also indicates that the "persons" who reside in distinct places refer to the parties or their attorneys.

If it were a question of an appeal from the district court to the Supreme Court, no doubt would arise, because section 296 of the Code of Civil Procedure clearly says that "An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same * * *." The filing with the secretary of the court of a paper must always be within the time limited by the statute unless the law specifically allows another method, and it would seem that up to the present time the statute of no state permits the mere depositing in the mail to take the place of a delivery to the

secretary. A specific case to the contrary is found in *Brooks* v. *Nevada Nickel Syndicate*, 24 Nevada, 264, 52 Pac., 575; referred to in 2 Cyc., 873, note 67. That a mere deposit in the mail does not bring the defendant within the time allowed for an appeal was the decision made by this court in the case of *Sociedad Agricola de Gurabo* v. *The Registrar of Property*, 18 P. R. R., 788. And in the case of *Patxot* v. *Nadal et al.*, 19 P. R. R., 350, this court held that the period of twenty days granted the appellant within which to file his amended complaint should be computed from the day after the order granting the same, and the said complaint must be deemed to have been filed on the day it was received by the secretary and not on the day it was deposited in the mail.

Some confusion was probably caused by the fact that the law of March 11, 1908, in English, said that the appellant shall make the appeal by "serving" a written notice of appeal upon the secretary of the municipal court. But in view of the uniform practice of the courts in considering a paper to be filed only upon its delivery to the secretary and in the absence of any express intention on the part of the Legislature to extend the time for appealing, we must conclude that the use of the word "serve" in the law of 1908 was no different from the use of the word "deliver" or "file." Serving on the secretary is filing with the secretary, and the time for the service is limited to ten days. The Spanish version of the law already quoted confirms this idea.

There are other general considerations. The secretary is an officer of the court. The attorneys of a court of record at least are supposed to be before the court while it is in session and an attorney practising before the court cannot derive an advantage over another attorney by living in a different jurisdiction, and in the municipal court the same principle would seem to apply to parties.

With regard to the second question, we have serious doubts as to whether the question of the service by mail was properly raised in this case. The appellant took an appeal from

the judgment of November 18, 1913, but it appears that nothing was done to send the record up to the District Court of Mayagüez within the twenty days allowed by the law of March 11, 1908. That appeal never reached the district court apparently until the record was sent up in response to the appeal from the order of February 25, 1914. Something should have been done directly to bring the appeal from the judgment before the district court. But while this question is in doubt, as the parties have not raised it, we prefer to found this opinion squarely on the question that the District Court of Mayagüez did not acquire jurisdiction because of the failure of the appellant to present the notice of appeal to the secretary. of the municipal court within ten days from the day of the judgment.

Therefore, the order of the District Court of Mayagüez of April 13, 1914, declaring itself with jurisdiction to hear the appeal, must be annulled and the case sent back for further proceedings not inconsistent with this opinion.

> *Petition sustained and the order of April 13, 1914, set aside.*

Justices del Toro and Aldrey concurred.

Chief Justice Hernández and Justice Hutchison took no part in the decision of this case.