# NORTON *v.* THIRD JUDICIAL DISTRICT COURT, IN AND FOR LANDER COUNTY, ET AL.

No. 2889

February 17, 1930.                                   284 P. 768.

*C. E. Robins,* for Petitioner:

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in prohibition to restrain the respondent court from proceeding with the trial on the merits of a case appealed from a justice of the peace.

In the fall of 1928 F. L. Stevens instituted an action in the justice's court of Argenta township, Lander County, Nevada, against R. E. Norton, this petitioner. Upon the trial the justice of the peace entered judgment against plaintiff, dismissing the action and rendered judgment for the defendant for costs amounting to $30.50. Thereafter the plaintiff, Stevens, gave notice of an appeal from the judgment, and executed a bond in the sum of $161.

After reciting the action of the justice of the peace, the bond is conditioned as follows: "Now, therefore, we, the undersigned, United States Fidelity and Guaranty Company, of Baltimore, Maryland, do hereby

undertake and promise, and do hereby acknowledge ourselves bound in the sum of $161.00, that the appellant will pay the amount of the judgment appealed from, and all costs, if the appeal be withdrawn or dismissed, and that he will pay the amount of any judgment, and all costs, that may be recovered against him in the action in the said District Court."

Subsequent to the filing of the transcript with the clerk of the respondent court, the defendant made a motion to dismiss the appeal on the ground that no such bonds were given as conferred jurisdiction upon the district court. This motion was denied, and the court threatened, as alleged, to proceed to try the case unless prohibited from so doing by the judgment of this court.

The statute authorizing the giving of bond on appeal from a judgment of a justice of the peace is section 5792, Rev. Laws, as amended by Stats. 1925, p. 333, which reads in part as follows: "An appeal from a justice's court where no stay of proceedings is claimed is not effectual for any purpose unless an undertaking is filed, with two or more sureties, in the sum of one hundred dollars, for the payment of the costs on the appeal. If a stay of proceedings is claimed, the appellant must file an additional undertaking, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money; or twice the value of the property, including costs, when the judgment is for the recovery of specific personal property, and which must be conditioned, when the action is for the recovery of money, that the appellant will pay the amount of the judgment appealed from, and all costs, if the appeal is withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the action in the district court."

It is the contention of petitioner that it was necessary for the plaintiff in the case mentioned, in taking his appeal, to confer jurisdiction upon the district court to try the case to give not only the one hundred dollar bond mentioned in the first sentence of the

section quoted, but an additional bond—a separate and distinct document—as contemplated by the second sentence in the section.

We cannot agree with this contention. Upon the giving of a bond in the sum of one hundred dollars to cover costs on appeal, the district court acquired jurisdiction. The only question is: Does the bond in question cover the costs on appeal? We think it does. In fact, the question is not a new one in this court. In State v. Brown, 30 Nev. 495, 98 P. 871, though a somewhat different situation was presented, the court held that the words "all costs" in the obligation was such a compliance with the statute as to constitute the obligation a cost bond, and that the district court acquired jurisdiction. We think that decision was right, and that it is controlling in this case.

Proceedings dismissed.