[No. 7,591.—Department Two.]
March 21, 1881.

## DAVID · HEWES *v.* CARVILLE MANUFACTURING COMPANY.

APPEAL—HOW TAKEN.—A notice of appeal from a judgment entered May 6, 1880, and a subsequent order denying a new trial, was served on respondent August 30th, and filed September 18th, and the undertaking on appeal was filed September 4th.
*Held* (under § 940, C. C. P.), that the appeal was well taken.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of the City and County of San Francisco. EVANS, J.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*John C. Hall,* for Appellant.

*Charles P. Eells,* for Respondent.

MORRISON, C. J.:

Respondent moves to dismiss the appeal in this case on the following facts:

On the sixth day of May, 1880, judgment in favor of plaintiff was entered in the Superior Court of the City and County of San Francisco, and on the thirteenth day of August of the same year an order was made denying defendant's motion for a new trial. On the thirtieth day of August notice of appeal to the Supreme Court was served on the respondent, and on the eighteenth day of September

the notice was filed in the office of the Clerk of the Superior Court. On the fourth day of September the undertaking required by the Code was duly filed by the Clerk.

It is claimed, on behalf of the respondent, that the appeal was not taken in the manner required by law, and in support of this proposition the Court is referred to the case of *Buckholder* v. *Byers*, 10 Cal. 481, which holds that the filing of a notice of appeal must precede the filing of the undertaking, because until an appeal is taken there is nothing to give effect to the undertaking. That decision was made when Section 337 of the Practice Act was in force, which provided that " the appeal shall be made by filing with the Clerk of the Court, with whom the judgment or order appealed from is entered, a notice, stating the appeal from the same or some specific part thereof, and serving a copy of the notice upon the adverse party or his attorney," and under that section it was held that the filing of the notice of appeal must precede or be contemporaneous with the service of a copy thereof on the adverse party. (*Buffendeau* v. *Edmonson*, 24 id. 94; *Boston* v. *Haynes*, 31 id. 107.)

But the foregoing section of the Practice Act has been materially changed by the Code of Civil Procedure. The law in force at the time the proceedings in this case were had was Section 940, Code of Civil Procedure, which provides that " an appeal is taken by filing with the Clerk of the Court in which the judgment or order appealed from is entered, a notice, stating the appeal from the same or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose, unless, within five days after service of the notice of the appeal, an undertaking be filed or a deposit of money be .made with the Clerk as hereinafter provided," etc.

It will be observed that the new section has changed the rule previously in force respecting appeals, and has rendered inapplicable the decisions above referred to. As the law now stands, the notice of appeal may be filed with the Clerk on a day subsequent to that upon which the service is made, upon the respondent or his attorney, and the undertaking may be filed before the notice of appeal is filed with

the Clerk. It must be filed, however, within five days after service of the notice of appeal, and that was done in this case.

The motion to dismiss the appeal must be denied. So ordered.

SHARPSTEIN and MYRICK, JJ., concurred.