[Department One.—March 27, 1883.]

## ANNIE B. GALLOWAY, Admx., etc., Appellant, v. JOHN C. ROUSE et al., Respondents.

APPEAL—SERVING AND FILING NOTICE.—Under section 940 of the Code of Civil Procedure, the notice of appeal may be filed on a day subsequent to that upon which the service upon the adverse party is made.

APPEAL from a judgment of the Superior Court of the county of Contra Costa, and from an order refusing a new trial.

The respondents moved to dismiss the appeal. The facts are stated in the opinion of the court.

*George Turner,* and *E. A. Lawrence,* for Appellant.

*Mills & Jones,* for Respondents.

PER CURIAM.—"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing." (Code of Civil Procedure, § 940.)

This statute differs materially from the section of the former practice act regulating the mode of taking appeals, and as a consequence the decisions of this court based on the latter are no longer applicable.

As the statute now is, the notice of appeal may be filed with the clerk on a day subsequent to that upon which the service is

made. In the language of the statute "the order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made" with the clerk, etc.

In the case at bar it appears from the certificate of the clerk that notice of appeal was served on the 20th of November, 1882, and on the 23d of the same month was filed with the clerk, together with an undertaking on appeal. From what has been said it follows that these steps constituted an effectual appeal.

No transcript on appeal having been filed within the time prescribed by the rules, and no extension of time having been obtained for that purpose, the motion to dismiss must prevail.

Appeal dismissed.

Hearing in Bank denied.