[S. F. No. 3669. In Bank.—December 21, 1903.]

## SAN FRANCISCO LAW AND COLLECTION COMPANY, Respondent, v. STATE OF CALIFORNIA, Appellant.

ACTION AGAINST STATE—BOUNTY ON COYOTE SCALPS—NEW TRIAL.—The provisions of the Code of Civil Procedure relative to new trials apply to actions against the state to recover the bounty on coyote scalps brought under the act of March 23, 1901. The action authorized by that act is not a special proceeding, but an ordinary action for money due, and the rules of law apply thereto which are applicable to ordinary actions.

ID.—APPEAL—TIME FOR FILING TRANSCRIPT—SETTLEMENT OF EXCEPTIONS.—In an action in which a motion for a new trial will lie, the appellant has forty days after the settlement of a bill of exceptions on motion for new trial, which may be used on appeal from the judgment, in which to file his transcript on appeal; and where it appears that the time has not elapsed, and the settlement has been deferred by stipulation of the parties, a motion to dismiss the appeal on the ground that the transcript has not been filed must be denied.

ID.—APPEAL BY STATE—UNDERTAKING—CONSTRUCTION OF CODE.—Although section 1058 of the Code of Civil Procedure in terms only exempts the state from giving an undertaking on appeal when it is a party plaintiff, and does not expressly exempt it when it is a party defendant, yet, from the other terms of that section, the intention to exempt the state in all cases is clear; and where the provisions of the Code of Civil Procedure relating to undertakings on appeal, as originally passed and as last amended, were not intended to include the state, the general words of such provisions should not be held applicable to the state, unless the intention of the legislature that they should be applicable is clearly shown.

ID.—SERVICE OF NOTICE OF APPEAL—TIME FOR FILING.—The service of a notice of appeal may precede the filing of it, and the statute does not prescribe any particular time after service within which it must be filed, and it may be filed at any time before the expiration of the time for appeal, though, when an undertaking is required, it must be filed within five days after service of the notice.

MOTION to dismiss an appeal from a judgment of the Superior Court of Sacramento County. Joseph W. Hughes, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, George A. Sturtevant, Assistant Attorney-General, and Devlin & Devlin, for Appellant.

T. Carl Spelling, for Respondent.

ANGELLOTTI, J.—This is a motion to dismiss an appeal from a judgment entered against defendant in the superior court of Sacramento County, for the sum of $8,885. The action was brought under the provisions of the act of March 23, 1901, (Stats. 1901, p. 646,) authorizing suits against the state on claims arising under the act fixing a bounty on coyote scalps, approved March 31, 1891. The motion to dismiss the appeal is based on several grounds, which will be separately considered.

1. It is urged that the appellant has failed to serve or file a transcript on appeal within the time prescribed by the rules of this court. The notice of appeal was served on April 17, 1903, and filed on April 28, 1903, and no transcript on appeal had been served or filed at the time of the serving of the notice of motion to dismiss the appeal, July 23, 1903, or at the date of the hearing of the motion, August 3, 1903. It appears, however, that a notice of intention to move for a new trial upon a bill of exceptions was regularly given; that thereafter a proposed bill of exceptions was regularly and in due time served on respondent; that, by stipulation, the hearing and settlement of said bill was continued to September 1, 1903, until which time respondent was given to prepare amendments; and that the bill of exceptions has not been settled. If the action be one in which a motion for a new trial will lie, it is clear that the fact that the bill of exceptions to be used on the hearing of the pending motion for a new trial, and which may be used on this appeal from the judgment, has not yet been settled, and that its settlement has been deferred by stipulation of the parties, is a complete answer to the motion to dismiss on the ground that the transcript on appeal has not been filed. The appellant has forty days after the settlement of said bill within which to file such transcript. (*Kelly* v. *Ning Yung etc., Admr.,* 138 Cal. 602; *Bernard* v. *Sloan,* 138 Cal. 746.)

It is claimed that the trial court has no authority to grant a new trial in a proceeding under the act of March 31, 1901;

that there is consequently no authority for the settlement of a bill of exceptions on a motion for a new trial in such a proceeding; that such a bill cannot be used on the appeal from the judgment; and that the fact that it is still unsettled is therefore no answer to the motion to dismiss. The argument is undoubtedly sound, if there be no authority for the granting of a new trial in such proceedings.

We are, however, satisfied that a motion for a new trial will lie in such a proceeding. The action authorized by the act of 1901 is an ordinary action for the recovery of money alleged to be due from the state, and is in no true sense of the word a special proceeding. The fact that no action can be maintained against the state without its express permission is immaterial. When such permission is granted by statute for the maintenance of suits against the state by those who claim that the state is indebted to them, there is no material distinction between the proceeding instituted thereunder and any action for money against an ordinary defendant, and the rules of law applicable to the ordinary action are applicable to such suit, except in so far as it is prescribed otherwise by the legislature. The act provides for a "suit" in any superior court of the state and the prosecution of the same to "final judgment." It declares that "The rules of practice in civil cases shall apply to such suits, except as herein otherwise provided, with the right to appeal to either party." There is no special provision therein relative to the pleadings and mode of trial. The issues of fact made by the complaint and answer in the ordinary way are to be tried and determined in the ordinary way, and there is nothing in the language of the act to indicate an intention to deprive either the plaintiff or the state of the right accorded to parties to an action to apply for a re-examination of the issues of fact for the causes specified in section 657 of the Code of Civil Procedure, unless the words "with the right of appeal to either party" indicate such intention.

We are satisfied that they indicate no such intention, and that the provisions of the Code of Civil Procedure relative to new trials are applicable to suits against the state under the act of March 23, 1901.

2. It is claimed that the appeal is ineffectual for any pur-

pose, by reason of the fact that no undertaking on appeal for damages and costs has ever been filed by the state, or deposit of money made in lieu thereof, and that the giving of such undertaking has not been waived.   (Code Civ. Proc., secs. 940, 941.)

This claim is based upon the fact that section 1058 of the Code of Civil Procedure does not in terms exempt the state from giving undertakings when it is a party *defendant,* although the section does in terms so except the state when it is a party plaintiff, and exempts any state officer, when, *in his official capacity or in behalf of the state,* he is a party plaintiff or defendant. . The intention to dispense with the bond in all cases where the state or the people of the state, or any state officer in behalf of the state, or any county, city •and county, city, or town is a party plaintiff or defendant, is clear, and the reason for the omission from section 1058 of the Code of Civil Procedure of any provision in terms exempting the state from the giving of bonds and undertakings in actions wherein it is a party defendant was probably, as suggested by plaintiff, that at the time of the last amendment of said section the state could not be brought into court as a defendant.   The general provisions relative to the giving of an undertaking on appeal as security for damages and costs (sections 940 and 941 of the Code of Civil Procedure) have not been amended since the year 1874.   As originally enacted, and as last amended, they were not intended to include the state, for by section 1058 of the Code of Civil Procedure, as originally enacted in 1872, explicit provision was made for the exemption of the state from the effect of such provisions in all cases in which it could then be made a party.

This being the condition of the legislation at the time of the enactment of the various provisions authorizing suits against the state on claims for money, the general words of the statutory provisions relative to undertakings on appeal should not be held applicable to the state, unless the intention of the legislature that they should be so applicable is clearly shown. (See 20 Ency. Plead. and Prac., 588; *Ex parte Macdonald,* 76 Ala. 603; *State of Nevada* v. *Rhoades,* 6 Nev. 373.)   No such intention anywhere appears.   No one can conceive of any reason why the state should be compelled to give an under-

taking on appeal in a proceeding under this act. Such an undertaking is given by an appellant to secure to the respondent the costs on appeal and such damages as may be awarded thereon. Under the express terms of the'act authorizing the suit, all 'costs must be paid by the plaintiff, and any judgment that it may ultimately recover can be only for the amount actually due plaintiff, without interest and without costs. It is suggested that damages might be awarded plaintiff against the state for a frivolous appeal taken by its officers, but the suggestion is probably not seriously made. Such an undertaking on appeal could serve no useful purpose. The right of appeal in these proceedings is guaranteed to the state by the act, but there is no provision for the giving of an undertaking on appeal by the state, and we know of no way in which, in the absence of legislation providing a mode therefor, the state could comply with the requirements of the general law relative to the giving of such an undertaking, or security in lieu thereof. To hold that the giving of the same is necessary to perfect an appeal by the state would be practically to deny the state the right of appeal in these cases. (See *Commonwealth* v. *Franklin Canal Co.,* 21 Pa. St. 117.)

3. It is further urged that no notice of appeal was served in proper time, or at all. As already stated, the notice of appeal was not filed until eleven days after the service of the same, but it was filed within six months of the date of entry of judgment. Section 940 of the Code of Civil Procedure provides that "An appeal is taken by filing with the clerk of the court . . . a notice stating the appeal from the same, . . . and serving a similar notice on the adverse party or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed," etc.

It is well settled that under this section the serving of the notice of appeal may precede the filing, and, as was said in *Robinson* v. *Lodge,* 114 Cal. 41, "The code does not prescribe any particular time after service within which it must be filed." In that case the service preceded the filing by five days. In both *Noonan* v. *Nunan,* 76 Cal. 44, and *Galloway* v. *Rouse,* 63 Cal. 280, the service preceded the filing by a day or more, while in *Hewes* v. *Carville Mfg. Co.,* 62 Cal. 516,

the service of the notice preceded the filing by eighteen days. In all these cases, the motion to dismiss the appeal was denied. We have not found that the doctrine of *Hewes* v. *Carville Mfg. Co.*, 62 Cal. 516, has been overruled so far as the question here involved is concerned. The cases relied upon by plaintiff as overruling it are cases relating entirely to the undertaking on appeal, which, to be valid, must be filed within five days after the *service* of the notice of appeal. When it is once conceded, as it must be under the decisions, that the filing of the notice may be on a day subsequent to the service, and that the code does not prescribe any particular time after service within which such filing must be had, it logically follows that the notice may be filed any time before the expiration of the time for appeal. The appeal is not perfected until all of the things required by the statute to be done have been done. The notice of appeal must be served, the undertaking must be filed within five days after the *service* of the notice, and the notice must be filed. So long as the notice of appeal remains unfiled, the appeal has not been taken, and the prevailing party is at liberty to proceed, notwithstanding the service of notice and the filing of undertaking, to enforce his judgment, so that the claim of plaintiff that the losing party may, by failing to file his notice of appeal after notice, "tie up the judgment for six months without ever appealing," is not well founded. The notice of appeal must undoubtedly be both served and filed within the time allowed for the taking of an appeal, but we find no warrant in the statute for holding that the notice must be filed within any specified number of days after service.

The motion to dismiss the appeal is denied.

Beatty, C. J., Shaw, J., Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.