STATE EX REL. HALL ET AL., RELATORS, *v*. DISTRICT COURT
    OF THE FIFTH JUDICIAL DISTRICT ET AL., RE-
RESPONDENTS.

(No. 2,289.)

(Submitted April 3, 1906.  Decided April 11, 1906.)

*Justices of the Peace—Appeals—Filing and Serving Notice—*
*Statutes—Jurisdiction—Prohibition.*

Prohibition—Justice of the Peace Courts—Appeal—Requisites—Statutes—
    Jurisdiction.
    1.  A notice of appeal from a justice of the peace to the district
    court was served on counsel for the opposite party on one day and not
    filed in the justice's court until three days later.  A motion to dis-
    miss the appeal on the ground that it had not been filed and served
    in accordance with the provisions  of Code of Civil Procedure, section
    1760, was overruled by the district court.  *Held*, on application for
    writ of prohibition, that under this section the filing of the notice in
    the justice's court must precede, or be contemporaneous with, the
    service thereof on the adverse party or his counsel, and that by the
    failure of the appellant to observe the mandate of this section, the
    district court was *not invested with jurisdiction of the cause.*
Appeals—Justice of the Peace Courts—Statutes.
    2.  Appeals from justice of the peace to district courts are matters
    of statutory regulation, and the provisions of the law relative to the
    method to be pursued in taking such appeals must be strictly followed
    in order to divest the former of, and invest the latter with, jurisdiction.

ORIGINAL application by Amos C. Hall and others for writ .
of prohibition to restrain the district court of the fifth judicial
district, and Honorable Lew L. Callaway, judge thereof, from
proceeding to try an appeal from a justice of the peace court.
Writ issued.

*Messrs. Clark & Duncan,* for Relators.

The relators contend that by reason of the fact that no copy
·of the notice of appeal was served upon them or their attorneys
on the day or after the notice was filed with said justice, no
appeal of said cause was ever taken or perfected.  (*Courtright*
v. *Berkins,* 2 Mont. 404; *Johnson Co. Sav. Bank* v. *Joe Klaffki*
*Co.,* 26 Mont. 384, 68 Pac. 410; *Slocum* v. *Slocum,* 1 Idaho,

589; *Daniels* v. *Daniels,* 9 Colo. 123, 10 Pac. 657; *Alvord* v. *McGauhy,* 4 Colo. 97; *Bacon* v. *Lamb,* 4 Colo. 474; *Brooks* v. *Nevada Nickel Syndicate,* 24 Nev. 264, 52 Pac. 575; *Lyon Co.* v. *Washo Co.,* 8 Nev. 177; *Johnson* v. *Badger Mill etc. Min. Co.,* 12 Nev. 261; *Reese G. M. Co.* v. *Rye Patch etc. Co.,* 15 Nev. 341; *Puckett* v. *Moody,* 17 Wash. 609, 50 Pac. 494; *Hastings* v. *Hallick,* 10 Cal. 31; *State ex rel. Alladio* v. *Superior Court of King Co.,* 17 Wash. 54, 48 Pac. 733; *Columbet* v. *Pacheco,* 46 Cal. 650; *Dinan* v. *Stewart,* 48 Cal. 566; *Buffendeau* v. *Edmondson,* 24 Cal. 94.)    All of the above decisions were rendered under a statute identical with that of this state, which governs appeals from justice courts.

The transcript on appeal, together with the so-called undertaking on appeal, and papers and files were not filed with the clerk of the district court within ten days after perfecting the appeal, by reason of the neglect and fault, not of the justice of the peace, but of the attorney for the appellants in said cause, all of which appears from the affidavit of the justice of the peace who tried the case and made the transcripts, and also the affidavit of the attorney for the appellants, which are a part of the record in this proceeding herein.

The relators are aware that if the justice alone had been at fault, the so-called appellants would have had a remedy, but where the fault lies at the door of such appellants' attorney, they have no remedy. (*Miller* v. *Walker* (Neb.), 101 N. W. 332; *Lincoln Brick etc. Works* v. *Hall,* 27 Neb. 874, 44 N. W. 45; *Houk* v. *Knop,* 2 Watts, 72; *Sherwood* v. *McKinney,* 5 Whart. 435; *Bradway* v. *Clippen,* 1 White & W. Civ. Cas. (Ct. App.), par. 306; see 31 Century Digest, cols. 1685-1694; *Bowen* v. *Patterson,* 116 Ga. 814, 43 S. E. 25; *Carter* v. *Monnastes,* 19 Or. 538, 25 Pac. 29; *Goodenow* v. *Stafford,* 27 Vt. 437; *Washington* v. *Marcrum,* 106 Ga. 300, 31 S. E. 779.)

*Mr. John B. Clayberg,* and *Mr. S. V. Stewart,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In August, 1905, an action was commenced in the justice of the peace court of Union township, Madison county, by Amos C. Hall et al. against J. H. Owen et al. By agreement the venue was changed to Hot Springs township, where the cause was tried, a verdict returned in favor of the plaintiffs, and judgment entered on the verdict on November 28, 1905. On December 1st a notice of appeal was served on counsel for plaintiffs, and on December 4th this notice was filed in the justice of the peace court. The transcript of the justice's docket and the papers in the case were lodged with the clerk of the district court, and on January 2, 1906, plaintiffs moved to dismiss the appeal on several grounds, among which were, that the pretended appeal had not been perfected as required by law, and that a notice of appeal had not been filed and served upon the plaintiffs or their counsel as required by law. This motion was overruled, and the district court being about to proceed to try the cause, an application was made to this court for a writ of prohibition to restrain the district court and the judge thereof from further proceeding. An alternative writ was issued and on return an answer was filed. Upon the hearing it was conceded that the petition and answer correctly state the facts.

The only question for determination is: Did the district court acquire jurisdiction of the case of *Hall et al.* v. *Owen et al.?* Section 1760 of the Code of Civil Procedure provides for appeals from the justice of the peace court to the district court, and, respecting the manner of effecting such appeals, prescribes: "The appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party or his attorney." These appeals are purely matters of statutory regulation (*State* v. *Whaley,* 16 Mont. 574, 41 Pac. 852, and cases cited), and it becomes important, then, to know whether the order in which the notice of appeal is filed and served is of consequence. The statute provides that such notice must

be filed and served. In this instance the notice was served on one day and not filed until three days later.

The question is not a new one. It has been before this court and before the supreme courts of California, Nevada, Colorado, Idaho, and Washington. An early California statute provided: "Art. 1071, sec. 337. The appeal shall be made by filing with the clerk of the court, with whom the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a copy of the notice upon the adverse party or his attorney." (Wood's California Digest, 1850-58, p. 210.) Construing this statute in *Hastings* v. *Halleck,* 10 Cal. 31, the supreme court of that state held that the filing of the notice of appeal must precede or be contemporaneous with the service, and if the service preceded the filing, the notice was of no effect and did not perfect the appeal. This was followed in *Buffendeau* v. *Edmondson,* 24 Cal. 94, *Warner* v. *Holman,* 24 Cal. 223, *Moulton* v. *Ellmaker,* 30 Cal. 528, *Boston* v. *Haynes,* 31 Cal. 107, *Foy* v. *Domec,* 33 Cal. 317, and in *Lynch* v. *Dunn,* 34 Cal. 518.

The statute of Nevada in force in 1873 was identical with the California statute above. (Compiled Laws of Nevada, 1873, Title IX, Chapter I, sec. 331.) In *Lyon County* v. *Washoe County,* 8 Nev. 177, in construing this statute, the supreme court of Nevada said: "It is well settled that to render an appeal effectual the filing of the notice of appeal must precede or be contemporaneous with the service of the copy; otherwise that which purports to be a copy fails as such for want of an original to support it. It is ordered that the appeal be dismissed." This decision has since been affirmed in *Johnson* v. *Badger M. & M. Co.,* 12 Nev. 261, and in *Rees Gold etc. Min. Co.* v. *Rye Patch Con. etc. Min. Co.,* 15 Nev. 341, and in *Brooks* v. *Nevada Nickel Syndicate,* 24 Nev. 264, 52 Pac. 575, decided in 1898.

The Colorado statute in force in 1879 is as follows: "Sec. 339. The appeal shall be made by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and executing an undertaking as hereinafter prescribed,

and serving a copy of the notice upon the adverse party or his attorney." (Colo. Code Civ. Proc., Title IX, Chapter XXXV, p. 125.) With these provisions in force, the supreme court of Colorado in *Alvord* v. *McGauhy,* 4 Colo. 97, held that unless the filing of the notice of appeal precedes or is contemporaneous with the service thereof, it is ineffectual for any purpose and the appeal is not perfected. This was followed and approved in *Daniels* v. *Daniels,* 9 Colo. 133, 10 Pac. 657, construing a statute then in force in all material respects the same as the one considered in *Alvord* v. *McGauhy* above.

The Idaho statute in force in 1875 was also identical with the California statute above. (Laws of Idaho, 1864, Title IX, Chapter I, p. 141.) This statute was considered in *Slocum* v. *Slocum,* 1 Idaho, 589, and the supreme court of Idaho said: "By this statute it becomes necessary as a part of the notice that it should be filed, and consequently it must precede or be contemporaneous with the service of a copy on the adverse party. This has been decided in California under a statute similar to ours, and in adopting its statute we adopt the construction which has been given to it by the courts of that state. Before the court can take jurisdiction of an appeal the filing of the notice and the service of a copy thereof as prescribed by the statute must be had, and before the notice is filed, it possesses none of the elements of a notice, and consequently there can be no copy of it."

The Code of Washington providing for appeals from a justice of the peace court to the superior court, in force in 1897, among other things provided: "Sec. 1631. Such appeal shall be taken by filing a notice of appeal with the justice and serving a copy on the adverse party or his attorney." (Hill's Annotated Statutes and Codes of Washington, Code Civ. Proc., p. 612.) This section was considered in *State ex rel. Alladio* v. *Superior Court,* 17 Wash. 54, 48 Pac. 733, where it is held that the filing of the notice must precede the service, otherwise the superior court does not acquire jurisdiction. A similar provision respecting the filing and service of a statement was considered in *Erickson* v. *Erickson,* 11 Wash. 76, 39 Pac. 241, and the same conclusion reached.

In 1876 we had in this state the following provision respecting appeals to this court from the district courts: "Sec. 370. The appeal shall be made by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a copy of the notice upon the adverse party or his attorney." (Codified Statutes of Montana [7th Session, 1871-72] Title IX, Chapter I, p. 107.) This statute is identical with the California, Nevada and Idaho statutes above, and in all material respects the same as the Washington and Colorado statutes quoted. In *Courtright* v. *Berkins,* 2 Mont. 404, this court said: "The statutes of California and Nevada regulating appeals are the same as those of this territory. The courts of these states hold that the filing of the notice of appeal must precede or be contemporaneous with the service of the copy thereof to render an appeal effectual. The failure of the appellants to comply with the Civil Practice Act in this proceeding is an error which affects the jurisdiction of this court.. * * * Appeal dismissed."

But it may be said that the statutes considered in the cases cited above, except the *Washington Case,* relate to appeals from courts of record, while the statute now under consideration relates to appeals from a justice of the peace court, and that a different construction should be given to it. The district court evidently proceeded upon this theory, following the decisions of the supreme courts of California and Idaho. After the California cases above were decided, the supreme court of California in *Coker* v. *Superior Court,* 58 Cal. 177, in considering sections 974 and 978 of the California Code of Civil Procedure, which correspond with sections 1760 and 1763 of our Code of Civil Procedure, without giving any reason for its conclusion and without referring to its former decisions above, announced the doctrine that in order to effectuate an appeal from a justice of the peace court, three things are necessary, namely: "The filing of a notice of appeal with the justice, the service of a copy of the notice upon the adverse party, and the filing of a written undertaking. * * * The mere order in which they are done

within that time is not material." This decision was followed in *Hall* v. *Superior Court,* 68 Cal. 24, 8 Pac. 509; s. c. 71 Cal. 550, 12 Pac. 672. That the decision in the *Coker Case* was wholly illogical is demonstrated when the legitimate result of such holding is reached, as was done in *Dutertre* v. *Superior Court,* 84 Cal. 535, 24 Pac. 284. In that case the undertaking on appeal was filed eleven days before the notice of appeal was served, and eleven days before the adverse party had any intimation that an appeal would be taken, and notwithstanding the California Code, section 978 above, specifically confers upon such adverse party the right to except to the sufficiency of the sureties within five days after the filing of the undertaking, as does our section 1763 above, the court held, following the *Coker Case* above, that the appeal was nevertheless perfected, a conclusion which can have but one result, namely, the annulment of the provision permitting the adverse party to except to the sufficiency of the sureties, for that right is only in existence for five days after the undertaking is filed; and yet a court has the same authority for saying that the undertaking on appeal may be filed before the filing or service of the notice, as it has for saying that the notice may be served before it is filed. Either conclusion is directly opposed to the express language or the evident meaning of the statute.

In *Reynolds* v. *Corbus,* 7 Idaho, 481, 63 Pac. 884, the same doctrine is announced as in the *Coker Case.* We think the result reached in the *Dutertre Case* above is nothing short of judicial legislation, or, what is the same thing, a construction by a court of plain language to mean what it does not say. There is not any reason apparent which will give to the same language one meaning when it applies to the district court practice, and a contrary meaning when applied to the justice of the peace court practice. Assuming that the words, "The order of service is immaterial" were intended to mean that it is immaterial whether the notice is first filed or served, it is worthy of consideration to note that it required an Act of the legislature to add those words to section 370 of the district court Practice Act of 1871-72, and this court cannot undertake to amend section 1760 above

in the like particular, and nothing short of an appropriate amendment would justify the conclusion for which respondents are contending. That legislation is needed is apparent, but this court ought not to effect it by construction which does violence to the language employed.

The history of our statutes regulating appeals is of interest. By an Act approved January 12, 1872, a Civil Practice Act was adopted which contained section 370 quoted above, which applied to appeals to the supreme court. It also contained section 411, which applied to appeals from the probate court, and section 742, which applied to appeals from the justice of the peace court. These sections were all of like import. By an Act approved February 16, 1877, a year after the decision in *Courtright* v. *Berkins,* above, was rendered, sections 370 and 411 of the Practice Act of 1872 were repealed, and new sections adopted in lieu thereof. Section 409, enacted in lieu of 370, above, was of like import, but to it was added the clause "the order of service is immaterial," etc. This Act re-enacted section 411 above in terms, as section 437, and did not assume to change in any manner section 742 of the Practice Act of 1872. These sections of the Act of 1877, and section 742 above, were carried into the revision of 1879, First Division, as sections 409, 437 and 802, respectively; and into the Compiled Statutes of 1887, as sections 422, 450 and 822, First Division. The section respecting appeals from the probate court became nugatory upon the adoption of the Constitution. The sections respecting appeals from the district court and from the justice of the peace court were carried into the Code of Civil Procedure of 1895, as sections 1724 and 1760, respectively.

It is to be observed that since 1877 there has not been any material change in any of these sections referred to; that while the section respecting the method to be pursued in appealing from the district to the supreme court was amended in 1877, the sections referring to appeals from the justice of the peace to the district court has continued in force without any substantial alteration for more than thirty years, and has been re-enacted over and over again without modification and with the full

knowledge which the legislatures had of the construction given a similar statute as early as 1876. We must presume, therefore, that in amending the district court Practice Act and repeatedly re-enacting the justice of the peace Practice Act without alteration, the legislature intended that the construction given in *Courtright* v. *Berkins,* should apply to the Practice Act regulating appeals from a justice of the peace court; and as it is the province of this court to determine the intention of the legislature, if possible, and apply the law as thus ascertained, we are not warranted now in departing from the former holding of this court and from the rule announced by other courts in construing like statutory provisions. Neither do we think that the provisions of sections 778 and 3453 of the Code of Civil Procedure have any application to the question presented in this proceeding.

We are satisfied that the provisions of section 1760 above were intended to be, and are in fact, mandatory, and that a party wishing to appeal from a justice of the peace court must pursue the statutory method strictly, and a failure to do so does not divest the justice of the peace court of its jurisdiction. (2 Ency. of Pl. & Pr. 16; *Green* v. *Castello,* 35 Mo. App. 127; *Sholty* v. *McIntyre,* 136 Ill. 33, 26 N. E. 655.)

As disclosed by the record before us, the district court of Madison county was without jurisdiction to try the case of *Hall et al.* v. *Owen et al.,* and a peremptory writ of prohibition should issue in conformity with the prayer of the petition. The writ is directed to issue accordingly.

*Writ issued.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.

Rehearing denied June 16, 1906.