TETTAMAUZI ET AL., PLAINTIFFS AND APPELLEES, *v.* ZENO, DEFENDANT AND APPELLANT.

Appeal from the District Court of Ponce in an Action of Debt. Motion by the Appellees for Dismissal of the Appeal.

### No. 1486.—Decided June 5, 1916.

NOTICE OF APPEAL—SERVICE OF NOTICE—FILING OF NOTICE.—Section 296 of the Code of Civil Procedure of Porto Rico, which follows sections 940 and 3574 of the amended codes of California and Idaho respectively and not the old Practice Act of California, provides only for the filing of the notice of appeal in the office of the secretary and the delivery of a similar notice to the adverse party or his attorney and does not require that the notice of appeal shall be filed with the secretary before serving a copy on the adverse party.

ID.—SERVICE BY MAIL—AFFIDAVIT OF SERVICE.—An affidavit of service of a notice of appeal by mail should contain all the requisites required by section 321 of the Code of Civil Procedure.

ID.—ID.—RESIDENCE OF PARTIES.—An affidavit of service of notice of appeal by mail is fatally defective when it does not state the residence of the parties or that the person who made the service and the person on whom the service was made reside or have their offices at different places or that there is a regular mail service between the said places.

The facts are stated in the opinion.

*Messrs. E. Benítez Castaño* and *J. H. Brown* for the appellant.

*Messrs. José A. Poventud* and *Alberto S. Poventud* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs, appellees, moved to dismiss the appeal herein upon the grounds, first, that the notice of appeal was filed four days after service thereof by mail, and, second, that such notice is insufficient by reason of certain defects in the affidavit of service.

Section 296 of the Code of Civil Procedure provides that—

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

Section 940 of the California Code reads as follows:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

Section 3574 of the Idaho Code is copied verbatim from the California statute.

"One of the most important questions which arise in interpreting the statutes regulating the procedure necessary to perfect an appeal is the relative order, in point of time, of the filing of the notice of appeal with the court, and the service of the notice on the adverse party; upon this proposition the authorities differ widely. The statutes generally provide that the appeal shall be taken by filing a notice of appeal with the clerk of the court in which the judgment or order appealed from is entered, and serving a copy of the notice upon the adverse party. In perhaps a majority of the jurisdictions it is held that the filing of the notice of appeal must precede or at least be contemporaneous with the service of the notice." 2 R. C. L., p. 109, sec. 84; 3 C. J., p. 1234, sec. 1336; 9 Ann. Cas. 731, note.

In support of his motion appellee cites a number of early California decisions. *Buffendeau* v. *Edmonson* (1864), 24 Cal. 24, is the leading case. Section 1337 of the Practice Act as quoted in the Buffendeau case provided "that an appeal in a civil case shall be made by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a copy of the notice upon the adverse party or his attorney." The reason given for the conclusion reached is that "by this section of the statute the filing of the notice of appeal is made a constituent element of its character as a notice, and consequently must precede or be contemporaneous with the service of a copy of

the notice on the adverse party, otherwise that which may purport to be a copy of a notice, or a duplicate thereof, fails to be such for the want of an original or counterpart.''

It seems probable that this strict, technical construction of the statute followed in other cases, not only in California but in other states adopting the California procedure together with the interpretation so placed thereon, contributed largely to the introduction of the more liberal rule by legislative enactment both in California and elsewhere. *Hewes* v. *Corville Manufacturing Co.,* 62 Cal. 516; *Galloway* v. *Rouse,* 63 Cal. 280; *Reynolds* v. *Corbus,* 7 Idaho, 481; *State* v. *District Court* (Mont.), 85 Pac. 872. In the case last mentioned the court, referring to and apparently lamenting the omission of the legislature to include in its amendments as to district court practice any modification of existing provisions as to appeals from justice of the peace courts, said:

''That legislation is needed is apparent, but this court ought not to effect it by construction which does violence to the language employed.''

Our statute, as far as it goes, follows the amended sections of the Idaho and California codes and not the language of the early California Practice Act. It provides not for the service of a copy of the notice of appeal, the original of which the California Practice Act presupposed to have been filed with the clerk, but for the filing of notice and the service of ''a similar notice upon the adverse party or his attorney.'' The requirement as to undertaking or deposit is entirely discarded (*Amsterdam* v. *Puente,* 15 P. R. R. 143); and, inasmuch as the manner of perfecting an appeal therein outlined was adopted as already amended by the legislatures of Idaho and California together with the interpretation thereof by the more recent decisions of those states, the further express provision that ''the order of service is immaterial'' would have been mere surplusage.

The elimination of the requirement as to security pending appeal is much more significant than the omission to include the specific reference to "the order of service." In the Buffendeau case the court, referring, it is true, to the time of service with reference somewhat more to the time of filing the undertaking than to that of filing the notice of appeal, said:

"* * * This construction is rendered imperative in order to secure to the respondent the full five days from the filing of the undertaking, within which to except to the sufficiency of the sureties."

That the same consideration very well might have influenced and probably did influence the court in its conclusion as to the necessity of filing the notice of appeal prior to service thereof, is made quite clear by the criticism in *State v. District Court, supra,* of *Coker* v. *Supreme Court,* 58 Cal. 177, and of *Dutertre* v. *Superior Court,* 84 Cal. 535. It is equally apparent that by reason of the absence of any requirement as to undertaking on appeal, we are entirely free from any embarrassment that otherwise might arise out of the right of adverse parties to challenge the sufficiency of the sureties on appeal bonds.

Beyond the order in which the two requirements are mentioned in section 296, which in itself and alone does not necessarily imply that the same order must be followed in fulfilment thereof, regardless of the convenience of the parties and of the obvious advantages of the actual practice recognized and sanctioned by the courts and firmly established as proper procedure at the time of the adoption by our legislature of the Idaho code, there is not the remotest suggestion of any thought of priority in point of performance. To hold that our legislature by the adoption of the Code of Civil Procedure, substantially as it was found in Idaho and California in 1904, meant to return to the old California Practice Act as interpreted by the Supreme Court of that state in 1860, would be manifestly absurd. Yet in effect that is what we are now asked to hold.

In the case at bar the notice of appeal dated March 24 and addressed to Messrs. José A. and Alberto S. Poventud, attorneys for plaintiffs, and to the secretary of the court, was filed March 28, together with the affidavit of the attorney for defendant, appellant, subscribed and sworn to on March 24, in which affiant states that on that date he had deposited in the San Juan post-office a registered envelope addressed to attorney José A. Poventud, Ponce, Porto Rico, containing a true and exact copy of said notice of appeal. This we think was not only a sufficient compliance with the statute, in so far as the first ground of appellee's motion is concerned, but is a very simple, proper and effective manner of perfecting an appeal.

Section 321 of the Code of Civil Procedure authorizes the service by mail "where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail." The affidavit of service is plainly defective in its omission to show the existence of the statutory conditions and ordinarily we would not hesitate to dismiss the appeal. The general rule is that the return or proof of service "must show by positive statement that all the statutory requisites as to the service have been complied with, and in case of substituted service the existence of all the conditions necessary must be shown." And in California "an affidavit of service of notice of appeal by mail which fails to show the residences of the parties and that the person serving it and the person on whom it was served resided in different places is fatally defective." 3 C. J., sec. 1340, p. 1237, 1238.

It is not our purpose either to question the soundness of the salutary principle underlying the doctrine, or, by any relaxation or modification of the rule as such, to encourage such inexcusable carelessness in matters of this kind as is revealed in the affidavit of service now under consideration. But the circumstances of the present case are exceptional.

On April 15 the attorney for appellant, on account of illness, asked and obtained an extension of ten days within which to file his brief. On April 26, for the same reason, a further extension of twenty days was prayed and granted. The motion to dismiss was filed April 19 and set for a hearing on May 1. On April 27, on motion of attorney for appellant, showing his continued illness and the serious nature thereof and requesting a postponement of the hearing until the latter part of May, the same was postponed to May 8. On May 6 another motion was filed by a brother attorney showing the continued illness of attorney for appellant, praying for a further postponement until May 15 and promising to appear in the name and stead of such attorney of record at such hearing in the event of his inability so to do. At the hearing it was stated by the attorney appearing for and on behalf of the attorney of record for appellant that the latter was too ill to make a new affidavit of service and time was requested within which to supply the defect in the original affidavit. The request was denied without prejudice to a motion for a new hearing, in the event of an adverse ruling, in order to present evidence as to the actual conditions under which service of the notice of appeal had been made.

Thereupon counsel submitted that the record sufficiently shows the existence of the statutory requirement as to residence and asked the court to take judicial notice of the existence of a regular mail service between San Juan and Ponce. On May 27, however, attorney for appellant, not yet recovered from his illness, filed a diminutive brief, together with an affidavit as to service thereof, as follows:

"I, Eugenio Benítez Castaño, do solemnly swear:

"That I am the attorney for appellant in the above-entitled case and have a law office in the city of San Juan, Porto Rico.

"That Messrs. José A. and Alberto S. Poventud are the attorneys for complainants and respondents, having their law office in the city of Ponce, Porto Rico.

"That between the city of San Juan, Porto Rico, and the city of Ponce, Porto Rico, there is a regular communication by mail.

"That on this date I have deposited in the post-office of San Juan a registered envelope addressed to said attorneys José A. and Alberto S. Poventud, in Ponce, P. R., containing a true and exact copy of the brief presented by appellant in this case in the Supreme Court of Porto Rico; and that I have paid the postage on said envelope. (Signed) Eugenio Benítez."

Thus the facts omitted in the affidavit of service of the notice of appeal now appear of record and we are fortunately relieved from any consideration of the doubtful question of judicial notice.

It seems reasonably certain that but for the serious and continued illness of the attorney of record for appellant, who made the original affidavit of service herein and is said to be the only person with personal knowledge of the facts sufficient to make a full, true and correct statement in this regard, a proper showing would have been made at the hearing; and a mere *pro forma* dismissal of the appeal with a view to a new hearing, the formal introduction of evidence and subsequent reinstatement, could only result in further delay and additional inconvenience to all parties concerned and would serve no useful purpose.

In the peculiar circumstances of this particular case, and without any intention whatsoever of establishing a precedent beyond the actual and exceptional facts involved as above outlined, clearly establishing both the existence of a regular mail service between San Juan and Ponce and the residence of attorneys for appellant and appellee respectively, and excusing the failure to make an adequate showing at the proper time, the motion to dismiss the appeal should be

*Overruled.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.