TETTAMAUZI ET AL., DEMANDANTES Y APELADOS, *v.* ZENO, DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre cobro de dinero.

MOCIÓN de los apelados para que se desestime la apelación.

No. 1486.—Resuelto en junio 5, 1916.

ESCRITO DE APELACIÓN—APELACIÓN—NOTIFICACIÓN DE APELACIÓN—RADICACIÓN DEL ESCRITO EN SECRETARÍA.—El Código de Enjuiciamiento Civil de Puerto Rico en su artículo 296, que sigue las secciones 940 y 3574 de los Códigos enmendados de California e Idaho respectivamente y no el lenguaje de la Antigua Ley Práctica de California, sólo dispone la presentación del escrito de apelación al secretario y la entrega de una manifestación idéntica (*similar*) a la parte contraria o a su abogado, sin que exija el que se presente el escrito al secretario con anterioridad a haber sido notificada la parte contraria.

ID.—AFFIDAVIT DE NOTIFICACIÓN POR CORREO—REQUISITOS ESTATUTORIOS.—Un *affidavit* de notificación por correo de una apelación debe contener todos los requisitos que exige el artículo 321 del Código de Enjuiciamiento Civil.

ID.—ID.—RESIDENCIA DE LAS PARTES—EXISTENCIA DE SERVICIO DE CORREO.—Es fatalmente defectuoso un *affidavit* de haberse practicado la notificación de una apelación por correo, en el que no se hace constar ni la residencia de las partes ni que la persona que practica la notificación y aquella a quien dicha notificación se hace, residen o tienen sus oficinas en diferentes sitios ni la existencia de un servicio regular de correo entre dichos sitios.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. E. Benítez Castaño y J. H. Brown.*

Abogados de los apelados: *Sres. José A. y Alberto S. Poventud.*

EL JUEZ ASOCIADO SR. HUTCHISON emitió la opinión del tribunal.

Los demandantes-apelados presentaron una moción solicitando que se desestimara la apelación interpuesta en este caso fundándose, primero, en que el escrito de apelación fué presentado cuatro días después de haberse hecho su notificación por correo; y segundo, porque tal notificación es insuficiente por contener ciertos defectos la declaración jurada de haberse practicado la notificación (*affidavit of service*). El artículo 296 del Código de Enjuiciamiento Civil prescribe lo siguiente:

"Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

La sección 940 del Código de California dispone lo siguiente:

"Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado. La forma en que se practique la notificación es inmaterial, pero la apelación es ineficaz para cualquier fin a menos que dentro de los cinco días después de practicada la diligencia de notificación de la apelación, se presente una fianza o deposite una suma de dinero con el secretario, como más adelante se determina, o que la parte contraria haga constar por escrito que renuncia a dicha fianza."

La sección 3574 del Código de Idaho es una copia literal del estatuto de California.

"Una de las más importantes cuestiones que surgen al interpretar los estatutos que regulan el procedimiento necesario para perfeccionar una apelación es el orden relativo, en cuanto al tiempo, de la presentación del escrito de apelación en la corte, y el servicio de la notificación a la parte contraria; en lo que respecta a esta proposición hay una gran diversidad de criterio por parte de las autoridades. Generalmente prescriben los estatutos que se interpondrá la apelación entregando al secretario de la corte en que fué

dictada o registrada la sentencia o providencia apelada el escrito de apelación y entregando una copia del escrito a la parte contraria. Quizás en una mayoría de jurisdicciones se ha resuelto que la presentación del escrito de apelación tiene que preceder o por lo menos debe ser simultánea con la entrega de la notificación. 2 R. C. L., p. 109, sección 84; 3 C. J., p. 1234, sección 1336; 9 Ann. Cas. 731, nota.''

El apelado cita en apoyo de su moción un número de decisiones antiguas de California. El caso principal es el de *Buffendean* v. *Edmondson*, (1864), 24 Cal. 94. La sección 1337 de la Ley de Práctica como ha sido citada en el caso de *Buffendeau* disponía ''que en un caso civil una apelación se interpondrá entregando al secretario de la corte en que se dicta o registra la providencia apelada un escrito, expresando que se apela de la misma, o de alguna parte específica de ella, y entregando una copia del escrito a la parte contraria o a su abogado.'' La razón dada para la conclusión a que se llegó, es que ''de acuerdo con esta sección del estatuto la presentación del escrito de apelación es un elemento constituyente de su naturaleza como tal notificación, y por consiguiente tiene que preceder o ser simultánea con la entrega de la copia del escrito a la parte contraria, pues de otro modo lo que puede representar ser una copia del escrito, o un duplicado del mismo, deja de serlo por la falta de un original o duplicado.''

Parece probable que esta interpretación estricta y técnica del estatuto observada en otros casos, no solamente en California sino en otros Estados que adoptan el procedimiento de California así como la interpretación que de tal modo se ha dado al mismo, contribuyó en gran parte a la introducción de la regla más liberal por medio de un precepto legislativo tanto en California como en otras partes. *Hewes* v. *Carville Manufacturing Co.*, 62 Cal. 516; *Galloway* v. *Rouse*, 63 Cal. 280; *Reynolds* v. *Corbus*, 7 Idaho 481; *State* v. *District Court* (Mont.), 85 Pac. 872. En el caso mencionado en último lugar la corte, haciendo referencia y al parecer la-

mentándose de la omisión de la legislatura de incluir en sus enmiendas en cuanto a la práctica en la corte de distrito cualquier modificación de las disposiciones existentes referentes a apelaciones procedentes de los juzgados de paz, se expresó en estos términos:

"Es claro que se necesita la legislación, pero este tribunal no debe producirla mediante interpretación que violente el lenguaje empleado."

Nuestro estatuto, según su alcance, sigue a las secciones enmendadas de los códigos de Idaho y California y no el lenguaje de la antigua ley de práctica de California. No prescribe para la entrega de la copia del escrito de apelación, cuyo original la Ley de Práctica de California supone de antemano que había sido archivado con el secretario, sino que dispone la presentación del escrito y la entrega de "una manifestación idéntica (*similar*) a la parte contraria o a su abogado." El requisito relativo a la fianza o depósito queda completamente descartado (*Amsterdam* v. *Puente,* 15 D. P. R. 143); y puesto que la forma de perfeccionar una apelación allí descrita fué adoptada como ya había sido enmendada por las legislaturas de Idaho y California junto con la interpretación que a ella dieron las más recientes decisiones de esos Estados, la otra disposición expresa de que "el orden de la entrega es inmaterial" hubiera sido meramente superflua.

La eliminación del requisito referente a la fianza pendiente la apelación es mucho más importante que la omisión de incluir la referencia específica al "orden de la entrega." En el caso de *Buffendeau* es verdad que la corte al referirse a la fecha de la entrega, aludiendo más bien a la fecha de prestar la fianza que a la de la entrega del escrito de apelación, dijo lo siguiente:

"* * * Esta interpretación se hace imperativa con el fin de garantizar al apelado los cinco días completos a partir de la presentación de la fianza, para excepcionar dentro de ese término la suficiencia de los fiadores."

Que la misma consideración muy bien podría haber influído y probablemente influyó en la corte al llegar a su conclusión acerca de la necesidad de presentar el escrito de apelación con anterioridad a la entrega del mismo, aparece con mucha claridad del comentario hecho en los casos de *State* v. *District Court, supra,* de *Coker* v. *Supreme Court,* 58 Cal. 177 y de *Duterter* v. *Superior Court,* 84 Cal. 535. Resulta asimismo claro que como no hay ningún requisito relativo a la fianza en apelación, estamos enteramente libres de cualquier molestia que de otro modo podría surgir del derecho de las partes contrarias a impugnar la suficiencia de los fiadores en fianzas en apelación.

Fuera del orden en que se mencionan los dos requisitos en la sección 296, lo que en sí mismo y por sí solo no quiere decir necesariamente que debe seguirse igual orden en su cumplimiento, sin tener en cuenta la conveniencia de las partes y las ventajas manifiestas de la actual práctica que ha sido reconocida y sancionada por las cortes y firmemente establecida como debido procedimiento en la fecha de la adopción   por nuestra Legislatura del Código de Idaho, no existe la más remota indicación de ninguna idea de prioridad en cuanto al cumplimiento. El sostener que nuestra Legislatura por el hecho de adoptar el Código de Enjuiciamiento Civil tal como se encontró sustancialmente en Idaho y California en 1904, quiso retroceder a la antigua Ley de Práctica de California como fué interpretado por la Corte Suprema de ese Estado en el año 1860, sería claramente un absurdo. Sin embargo, eso es, en efecto, lo que ahora se quiere que decidamos.

En el presente caso el escrito de apelación tenía fecha de marzo 24, e iba dirigido a los Sres. José A. y Alberto S. Poventud, abogados de los demandantes, y al secretario de la corte; fué radicado en marzo 28, junto con la declaración del abogado del demandado y apelante suscrita y jurada en marzo 24, en la cual el deponente expresa que en esa fecha había depositado en la oficina postal de San Juan un pliego

certificado, dirigido a los abogados José A. Poventud, Ponce, Puerto Rico, conteniendo una copia fiel y exacta de dicho escrito de apelación. Creemos que con esto no solamente se cumplió de modo suficiente con el estatuto, en tanto se trata del primer fundamento de la moción del apelado, sino que es una forma simple, adecuada y eficaz de perfeccionar una apelación.

El artículo 321 del Código de Enjuiciamiento Civil permite la remisión por correo "cuando la persona encargada de hacer la notificación o de remitir los documentos y aquella a quien fueron dirigidos residieren y tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo." El *affidavit* de haberse hecho la notificación de la apelación es claramente defectuoso al no mostrar la existencia de los requisitos estatutorios y por lo general no vacilaríamos en desestimar la apelación. La regla general es que el diligenciamiento o prueba de la entrega "debe mostrar en términos precisos que han sido cumplidos todos los requisitos del estatuto en cuanto a la entrega, y en el caso de notificación por correo, la existencia de todos los requisitos necesarios "debe hacerse constar." Y en California "un *affidavit* de haberse practicado la notificación de una apelación por correo en el que no se hace constar la residencia de las partes y que la persona que practica la notificación y aquella a quien dicha notificación se entrega residían en diferentes sitios, es fatalmente defectuosa." 3 C. J., sec. 1340, pp. 1237, 1238.

No es nuestro objeto impugnar la corrección del sano principio que sirve de base a la doctrina, o mediante cualquier suavidad o modificación de la regla tal como existe favorecer semejante descuido que es inexcusable en cuestiones de esta clase como aparece del *affidavit* relativo a la notificación que ahora consideramos. Pero las circunstancias del presente caso son excepcionales.

En abril 15 el abogado del apelante, debido a su enfermedad, solicitó y obtuvo una prórroga de diez días para pre-

sentar dentro de ese término su alegato. En abril 26, por igual razón se pidió una nueva prórroga de veinte días que fué concedida. La moción para desestimar la apelación fué presentada en abril 17 y señalada su vista para el día 1 de mayo. En abril 27, a moción del abogado del apelante, en la que hacía constar que continuaba enfermo así como el carácter grave de su enfermedad, solicitando la suspensión de la vista para uno de los últimos días del mes de mayo, fué suspendida ésta para mayo 8. En mayo 6 fué presentada otra moción por otro compañero, alegando que el abogado del apelante seguía enfermo; e interesando una nueva suspensión hasta el día 15 de mayo, prometiendo comparecer a nombre y representación del referido abogado de récord a dicha vista en caso de serle imposible comparecer. En el acto de la vista manifestó el abogado que comparecía en representación del abogado de récord del apelante; que éste estaba muy grave para poder preparar una nueva declaración jurada de haberse practicado el servicio de la notificación, pidiéndose un término para corregir el defecto que contenía el *affidavit* original. La petición fué denegada sin perjuicio de poder solicitar nueva audiencia caso de una resolución contraria, para presentar prueba respecto a las verdaderas condiciones en que se hizo la notificación de la apelación.

Entonces el abogado alegó que los autos muestran suficientemente la existencia de los requisitos del estatuto en lo que respecta a la residencia y solicitó de la corte que tomara conocimiento judicial de que existe un servicio regular de correos entre San Juan y Ponce. Sin embargo, en mayo 27, el abogado del apelante, que todavía no se encontraba bien de su enfermedad, presentó un corto alegato con una declaración jurada de haber remitido por correo una copia del mismo, a saber:

"Yo, Eugenio Benítez Castaño, juro solemnemente:

"Que soy abogado del apelante en el caso arriba expresado, y que tengo mi oficina profesional en la ciudad de San Juan de Puerto Rico.

"Que los abogados de los demandantes y apelados son Don José A. y Don Alberto S. Poventud, los cuales tienen su oficina en la ciudad de Ponce, P. R.

"Que entre la ciudad de San Juan, P. R., y la ciudad de Ponce, P. R., existe un servicio regular de correo.

"Que en el día de hoy he depositado en la oficina postal de San Juan un pliego certificado dirigido a dichos señores José A. y Alberto S. Poventud, abogados, Ponce, P. R., conteniendo una copia fiel y exacta del alegato presentado por el apelante en este caso ante el Tribunal Supremo de. Puerto Rico; y que el franqueo de dicho pliego fué pagado por mí. (Firmado.) Eugenio Benítez."

De manera que los hechos omitidos en el *affidavit* referente a la notificación de la apelación constan ahora de los autos, y afortunadamente no tenemos necesidad de considerar la cuestión dudosa relativa al conocimiento judicial.

Parece razonablemente cierto que a no haber sido por la grave y continuada enfermedad del abogado de récord del apelante que presentó el *affidavit* original de haberse practicado la notificación en este caso y que se dice que es la única persona que tiene suficiente conocimiento personal de los hechos para hacer una declaración completa, verdadera y correcta en cuanto al particular, se hubiera hecho la debida constancia durante la vista; y una mera desestimación *pro forma* de la apelación con la idea de una nueva vista, introducción formal de prueba y subsiguiente reinstalación del caso, sólo podría resultar en mayor demora y más inconvenientes para todas las partes interesadas y no tendría ningún fin práctico.

Atendidas las circunstancias especiales de este caso, y sin intención alguna de sentar un precedente fuera de los hechos verdaderos y excepcionales que están envueltos como se han referido, que claramente establecen la existencia de un servicio regular de correo entre San Juan y Ponce y la residencia de los abogados del apelante y apelado respectivamente, y excusando la falta de presentar la debida constancia

oportunamente, la moción para que se desestime la apelación debe ser denegada.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.